## CENTRAL FREIGHT LINES, Inc., v. YORK.

### No. 8889.

Court of Civil Appeals of Texas. Austin.

Dec. 13, 1939.

D. M. Wilson, of Waco, for appellant.

M. F. Kieke, of Giddings, for appellee.

BLAIR, Justice.

Appellee, Alton York, sued appellant, Central Freight Lines, Inc., for breach of contract to deliver certain office furniture at Levelland from Giddings, Texas, within three days. The shipment was delayed and missent to Littlefield, Texas; and appellee alleged certain items of actual damages resulting in tracing and trying to locate the office furniture; and as special damages resulting from the delay, alleged that he was a practicing attorney, and that he suffered loss of attorney's fees by reason of the fact that he was planning to open an office at Levelland, and because his furniture was not delivered he was unable to open said office; and that if he had been able to open his office at Levelland he would have made $400 off of law practice that would have come to him.

The case was submitted to a jury upon special issues; and in answer to special issue No. 4 the jury found that appellee incurred the following items of actual damages in trying to locate his office furniture:

"a. Telephone call from Lubbock to Giddings ................................... $ 2.00
"b. Trips from Levelland to Giddings..... 25.00
"c. Trips from Levelland to Lubbock...... 1.90
"d. Trip from Brownfield to Lubbock...... 1.90
"e. Telegram Giddings to Brownwood...... 1.25
"f. Amount of excess freight charges..... 12.81
"g. Value of the use of the office furniture during the delay in delivery... 15.00"

In answer to other special issues, the jury found that considering the character of appellee's profession, he suffered special damages by reason of delay in the shipment of the furniture in the sum of $150. Judgment was accordingly rendered for appellee for the sum total of the above items of actual and special damages.

Appellant contends that the evidence as a matter of law showed no special damages. This contention must be sustained. At the time appellee contracted to ship the furniture, he told the agent of appellant that the district court was in session at Brownfield, and that he would have to have his furniture in order to obtain whatever practice he could get. The furniture did not arrive within three days, and by telephone appellee notified appellant's agent at Giddings of such fact, and the agent put out a tracer for the furniture. The court adjourned at Brownfield in about a week and appellee then decided that he would go to Levelland, a short distance from Brownfield, and establish his law office there; the district court convening there for a three-week term at that time. He then notified the agent of appellant to ship the furniture to Levelland when it was located; but the furniture was missent to Littlefield and never arrived at Levelland. By telegraph, telephone, and driving his automobile from Brownfield to Lubbock, from Levelland to Lubbock, and from Lubbock back to Giddings, and thence back to Brownfield, he finally located the furniture at Littlefield after some three weeks delay; and gave up any effort to locate his office in Levelland. Appellant refused to deliver the furniture to be shipped from Littlefield back to either Waco or Giddings, Texas, unless appellee would pay $19.81, freight charges, which was $12.81 in excess of the $7 for which appellant agreed to ship the furniture to Brownfield or Levelland.

Appellee stated that he had never practiced law at Brownfield; that he did not know what he could make; and after abandoning Brownfield he went to Levelland, where he made arrangements for an office, to await the arrival of his furniture; that he met several business men, the district attorney, and the district judge, who told him that Levelland would be a good place to practice law; that several business men inquired of him where his office was, and that he had to tell them that he had not opened it because his furniture had not arrived. He gave no evidence of any pros-

pective client, or any basis of any amount that any possible client might have paid him. When asked if he could give approximately the amount of loss from the 3rd day of September until the time he finally found his furniture, he stated, "No, I cannot." He was then asked the question, if he practiced law at either Brownfield or Levelland, and he stated, "I did not; but I was asked several times where my office was." This is the only testimony with regard to any amount which appellee might have earned if his office furniture had arrived within the time appellant agreed to deliver it to him.

While the law authorizes one to recover profits as a natural consequence of a breach of a contract, it requires that such damages for loss of profits be proved with reasonable certainty; and that no recovery can be had for loss of profits which are uncertain, contingent, conjectural, or speculative. The cases also hold that no recovery can be had for loss of profits where it is uncertain whether any profits at all would have been made. Of course, the authorities recognize that to some extent profits must necessarily be uncertain and problematical, and a complainant cannot be deprived of remedy merely because of the uncertainty of the amount of profits; but the law does require absolute certainty of data upon which loss of profits are to be estimated, and such data must be based upon substantial evidence and not wholly upon speculation and conjecture. Abbott v. Andrews, Tex.Com.App., 45 S.W.2d 568; Walter Box Co. v. Blackburn, Tex.Civ.App., 157 S.W. 220, 222; 13 Tex.Jur., 216, § 115; 15 Am.Jur., 556, §§ 149–151.

With respect to the items of actual damages found by the jury, appellant complains that Item "b" for $25 traveling expenses from Levelland to Giddings to locate the office furniture which had been missent to Littlefield, was unsupported by any evidence. This contention must be sustained because while appellee testified to having made the automobile trip he did not testify to any amount of cost incurred in making that trip and gave no evidence upon which the jury could base its finding of $25.

Appellant also complains of Item "g", with respect to the $15 found to be the value of the use of the office furniture during the delay in delivery. There is no evidence upon which the jury could base any finding that $15 was the reasonable value of the use of this furniture pending its delivery to Levelland. The only evidence on the issue was that appellee testified that he could not rent other furniture of like character at Levelland, and stated that of course the use of the furniture would have been valuable to him; but as to what was the value of its use, the jury could not determine from any evidence in the record.

The judgment with respect to Items "b" and "g" of actual damages, and with respect to the $150 special damages is reversed, and the judgment is reformed so as to allow appellee to recover only Items "a", "c", "d", "e", and "f", aggregating $19.86; and as thus reformed the judgment of the trial court will to that extent be affirmed. In view of this disposition of the case, we regard appellant's other propositions as being without merit, and overrule them without discussion.

Reformed and affirmed.