### SILBERSTEIN v. LAIBOVITZ et al.
### No. 9614.

Court of Civil Appeals of Texas. Austin.
Feb. 12, 1947.

Appellant's Motion for Rehearing and Remittitur Granted Feb. 26, 1947.

648

John D. Cofer, of Austin, for appellant.

Hart & Brown and W. D. Hart, all of Austin, for appellees.

BAUGH, Justice.

Appellant, as lessor, sued appellees for damages for breach of written lease contract on a store building on East 6th Street, in Austin, Texas. Appellees, lessees and tenants of appellant, denied such breach by them, and by cross-action alleged breach of said contract by the lessor and prayed for damages against him. Trial was to a jury on special issues, and upon their answers thereto, judgment was rendered denying appellant any recovery and in favor of appellees for $440 on their cross-action.

The contract in question leased to appellees said property from September 1, 1941 to December 31, 1943, "to be occupied for General Merchandise," for a stipulated monthly rental "payable between the first and tenth of each and every month"; providing, among other things, that failure to pay rents would give lessor the option to annul said lease and repossess the property; and further that should the premises become vacant during the lease period, the landlord could relet same and apply the receipts from such reletting to the payment of the rents contracted to be paid by appellees.

The basis of appellant's suit was that appellees had failed to pay the March 1942 and all subsequent monthly rentals, and had voluntarily abandoned the premises in February 1942. If his allegations were true, then appellees breached said contract, appellant alleged a proper measure of damages, and was entitled to recover as prayed for. However, appellees denied that they had voluntarily abandoned their lease, and pleaded that appellant had refused to permit them to use said premises from and after March 1, 1942, for the purposes for which they had leased same. That is, that appellant had breached said contract, to their damage. Such were the issues made by the pleadings. The first issue submitted to the jury embodied the appellant's basis of recovery,—whether appellees had voluntarily abandoned said premises. The jury found that they had not. The next issue submitted, embraced the appellees' contention and the ground of their recovery under their cross-action. That is, whether appellant had refused to permit them to occupy the premises "for general merchandise purposes after March 1, 1942." The jury found that he had. The evidence is sufficient to support both of these findings. Thus there is a clear cut finding by the jury that as of March 1, 1942, when the March rent became due, the appellant, and not the appellees, had breached said contract. The jury further found appellees' damages to be $440; that appellant repossessed said property on May 12, 1942; and that on that date the appellees "were in arrears on their rent due under said contract."

 Appellant's first contention is that under the jury findings that he repossessed the property on May 12, 1942, and that appellees were then in arrears on their rent, judgment should have been rendered in his favor because under said contract he had a right to repossess and relet

649

the premises when appellees became delinquent on their rent payments. This contention entirely disregards the jury findings that appellant, and not appellees, breached their contract, by refusing ·to permit appellees to occupy and use the premises, after March 1, 1942, for the purposes for which they had rented them. When that occurred appellees were no longer legally liable for further rentals. As stated in Nabors v. Johnson, Tex.Civ. App., 51 S.W.2d 1081, 1082: "In order to constitute an eviction, it is not necessary that there be a manual or physical expulsion from the premises. If the landlord's conduct be such as to materially and permanently interfere with the beneficial use of the premises and the defendant leaves as the result thereof, then there is a constructive eviction." See also 27 Tex.Jur., § 163, p. 286; 32 Am.Jur., § 246, p. 231.

There was no dispute as to when appellant relet the premises; nor that appellees had paid no rent after March 1st. Having breached said contract by constructive eviction of his tenants prior to March 10, 1942 (the last day under the contract for payment of the March rent), their liability for further rents ceased; and, so far as appellees were concerned, it was immaterial when appellant thereafter took actual physical possession of said premises, or what use he thereafter made of them. That being true, jury findings 4 and 5 above stated become immaterial and may be disregarded. The same is also true as to the issue requested by appellant and refused by the court, inquiring whether, at the time appellant repossessed the property on May 12, 1942, it was then vacant. It is not denied that it had been since March 1st. But appellant was responsible for its being so.

The next question presented relates to the recovery by appellees of anticipated profits during the remaining 22-month period of the lease. The jury awarded appellees $20 per month, as prayed for, under the instruction of the court that they were entitled to recover the "reasonable and net profits defendants would have realized out of the operation of the mercantile business during the unexpired term of the lease." The jury finding is sustained by the testimony of appellees only. Laibovitz testified as follows: "I have been in the merchandising business, new and second-hand, in Austin for many years, selling among other things new, old and repaired shoes. I am familiar with the trade and the profit to be made in such a business in Austin. In 1942 shoe rationing had gone into effect or was just about to go into effect, and the shoe business from then on was particularly profitable. I am qualified to state what probable profit we might reasonably have made in said business at 317-1/2 East Sixth Street for the balance of the lease term if we had been permitted to carry on said business. Said sum would have been from $75 to $100 a month for 20 months. $20 a month for 20 months or $440 would be the very minimum that we might reasonably have made during such time over and above all expenses."

Appellee Malkin testified: "We told him we wanted to conduct a shoe business in the premises, selling new, second-hand, and repaired shoes and to install shoe repair machinery to repair shoes for resale, and not to repair for the general public. Mr. Silberstein stated he would not permit us to do that. Beginning at that time · there was a splendid market opening for second-hand shoes. Shoe rationing had just been put in force or it was just about to go in force and there was demand for second-hand and repaired shoes which continued through the war. I have been in the merchandise business around twenty years in Austin, selling among other things shoes, both new, second-hand, and repaired, and I know the profits to be made in that business. I am qualified to state what the probable profit that we might reasonably have made in such business if we had been permitted to continue such business from March 1st, 1942, to the end of the term of the lease contract. Such sum is from $100 to $125 net profit. The sum of $20 a month for 20 months, or $440 is. the very minimum amount which we might probably have reasonably made during such time."

Said testimony was objected to by appellant on the ground that it was speculative and a mere estimate, and would not sustain any finding based thereon.

Much has been written on recovery of anticipated profits based upon breach of contract. It is settled law that a tenant wrongfully evicted, or his possession wrongfully interfered with, may recover lost profits as damages. Belcher v. Bullion, Tex.Civ.App., 121 S.W.2d 483, 485; Bagby v. Hodge, Tex.Civ.App., 297 S.W. 882; 13 Tex.Jur., § 112, p. 213; 32 Am.Jur., § 266, p. 250. However, it is equally well settled that he must prove his damages with reasonable certainty. Belcher v. Bullion, supra; Central Freight Lines v. York, Tex.Civ.App., 135 S.W.2d 186, 187; Allbritton v. Mading's Drug Stores, Tex.Civ.App., 138 S.W.2d 901; Humble Oil & Refining Co. v. Luckel, Tex. Civ.App., 171 S.W.2d 902, 907. The rule announced in 13 Tex.Jur., § 115, p. 216, that anticipated profits from a business which had not been established at the time of the breach, are so speculative and remote that no recovery therefor will be allowed, is specifically recognized by our Supreme Court in Southwest Battery Corporation v. Owen, 131 Tex. 423, 115 S.W. 2d 1097, 1099. It appears to be generally recognized in most jurisdictions. 15 Am. Jur., § 157, p. 574; 25 C.J.S., Damages, § 42, page 516. Whether or not the business proposed to be conducted on said premises by appellees was in the nature of a new and unestablished business; or a continuation in part of that theretofore conducted therein is not clear. It does not appear that either of appellees had ever conducted, as a separate business, the sale of new and secondhand shoes. If not, then the enterprise proposed was to them a new business.

However, if treated as a continuation in part of an existing business on said premises, the cases seem to be uniform in holding that for proof of lost profits to be competent, such opinions or estimates of losses must be predicated upon factual data derived from the previous operation of such business, showing costs of operation, previous profits earned, and similar facts and circumstances, as affording a basis for the computation of such probable losses. See Gonzalez v. Davila, Tex.Civ.App., 26 S.W.2d 718; Belcher v. Bullion, supra; Allbritton v.

Mading's Drug Stores, supra; Bagby v. Hodge, supra. Testimony of appellees in the instant case affords no such criterion of certainty. They both testified that they had lost money on the business conducted there during the first six months of said lease, which included the sale of new and secondhand shoes, but blamed such losses on appellant's failure to repair said premises so as to eliminate leakage and seepage of water. They also testified that they did not know what profits, or whether any at all, they had made from the other mercantile businesses conducted by them in Austin during the period involved. The record shows that a shoe repair shop was being operated in the adjoining building, also owned by appellant; but it was not shown whether it was operated at a profit or loss. In brief, there was no factual data offered as to volume of business to be expected, costs of operation, previous earnings of the same or similar businesses in the vicinity, or whether the property in question was advantageously located for conducting such a business. It is clear, therefore, under the authorities cited, that appellees wholly failed to establish by competent proof the amount of their damages, if any were sustained, with that degree of certainty which the law demands.

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.

On Appellees' Motion for Rehearing.

Appellees in their motion for rehearing filed a remittitur of the amount of damages awarded them in the judgment of the trial court, and request that the judgment of reversal be set aside and that as remitted the judgment of the trial court be reformed and affirmed.

This action by the appellees amounts to an abandonment by them of their cross-action against appellant for damages for breach by appellant of the rental contract. Since there was no error in the judgment of the trial court, based upon jury findings, in denying appellant recovery of rentals under said contract; and since the appellees have abandoned their cause of action against the appellant, no good purpose would be served

by a reversal of the cause for another trial. Said motion of appellees is therefore granted; the judgment of reversal heretofore entered is set aside; the judgment of the trial court is reformed so as to deny appellees any recovery of damages against the appellant; and as so reformed the judgment of the trial court is affirmed. All costs of appeal are taxed against the appellees.

Motion granted; judgment reformed and affirmed.