**AUTOTROL CORPORATION, Plaintiff,**

**v.**

**CONTINENTAL WATER SYSTEMS CORPORATION, et al., Defendants.**

**No. 87–C–993.**

United States District Court, E.D. Wisconsin.

Sept. 14, 1988.

Minahan & Peterson by Eric VanVught, Milwaukee, Wis., for plaintiff.

Foley and Lardner by Maureen McGinnity, Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

In 1986, Autotrol Corporation (Autotrol) entered into a development agreement with Continental Water Systems (Continental) to develop, design, manufacture and sell systems that produce high purity water. In order to accomplish this task, the parties would use a process known as electrodiarese (EDR) technology.

In 1987, Continental informed Autotrol that it did not intend to carry out its contractual obligations. Subsequently, Autotrol commenced this action against Continental and Olin Corporation (Olin) seeking damages and injunctive relief. Autotrol alleged, inter alia, that Olin induced Continental to violate its agreement with Autotrol; as a consequence of the alleged

breach, Autotrol submits that it will lose 30 million dollars in anticipated profits.

The defendants have moved for partial summary judgment on two grounds; the motion will be granted in part and denied in part. First, they contend that since Olin is and was the parent corporation of Continental at the time of the alleged breach, their identity of interest precludes Autotrol's ability to establish the requisite elements for the fifth cause of action which alleges that Olin tortiously interfered with the Autotrol/Continental agreement. Second, the defendants contend that Autotrol is not entitled to any lost profits because the EDR business was not established and did not have any record of past profits.

By the joint development agreement, the parties have agreed that the laws of Texas govern the terms of their contract. In cases based upon diversity jurisdiction, the district courts apply the law of the forum state, including the state's rules covering conflicts of laws. *Day & Zimmermann, Inc. v. Challoner*, 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975); *Klaxon v. Stentor Electric Mfg.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Wisconsin gives effect to parties' contractual choice of law provisions unless to do so would infringe upon important state public policy. *Bush v. National School Studios*, 139 Wis.2d 635, 642, 407 N.W.2d 883 (1987). No state of Wisconsin policy prevents the application of Texas law in the instant case.

■ Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. Given these parameters, I am unable to grant the defendants' motion as it pertains to the claimed tortious interference with the contract. The exact date of the alleged breach of contract still appears in dispute. Mr. Sampson's affidavit avers that Continental became a wholly-owned subsidiary of Olin "since approximately December of 1986."

The defendants contend that Autotrol's interrogatory answer number three establishes the date of the breach to be May 20, 1987. Assuming this fact, the defendants assert that Olin could not have induced a breach of contract on that date because, by that time, Continental was a wholly-owned subsidiary of Olin, with interests identical to Continental. Therefore, the defendants argue, Autotrol could not show the requisite element of interference by a third party.

Autotrol points out that its full answer to interrogatory number three establishes that its answer was a preliminary estimate as to the date of the breach and that a more complete answer would come with further discovery. Summary judgment should not be granted on the basis of interrogatory answers which are equivocal; further discovery may lead to evidence that the contract was violated before Olin became Continental's parent corporation.

■ I am, however, persuaded that the defendants are entitled to judgment in their favor on the issue of anticipated profits. Texas courts deny recovery for future profits for new or unestablished businesses because such profits "are not susceptible of being established by proof to that degree of certainty which the law demands." *Southwest Battery Corp. v. Owen*, 131 Tex. 423, 115 S.W.2d 1097, 1099 (1938). "[T]he amount of the loss must be shown by competent evidence with reasonable certainty." *Id.* at 1098. Texas courts do not deny future profits just because a business is new or unestablished; preclusion of lost profits for a new business is warranted when there is no factual basis for the computation of likely profits. *Barbier v. Barry*, 345 S.W.2d 557, 563 (Tex.Civ.App., Dallas 1961, no writ).

The success of an enterprise, measured in profits, is dependent upon a multitude of risk, chances and circumstances; and without some history of profits there is inadequate data upon which to prove the fact of damages with the certainty required. A new and unestablished business without a profit record leaves too much to conjecture and speculation.

*Atomic Fuel Extraction v. Slick,* 386 S.W. 2d 180 (Tex.Civ.App., San Antonio, 1964); per curiam 403 S.W.2d 784 (Tex.1965).

Defendants contend that the plaintiff cannot, as a matter of law, establish lost future profits; the theory is that since the EDR water purification system is and was an unestablished business, there is no adequate or reliable way to measure Autotrol's loss of anticipated profits. In support of their assertion that the EDR system is an unestablished business, the defendants point to these facts: (1) the EDR system was still in the development stage at the time of the breach; (2) neither entity had ever marketed or produced an EDR system; (3) there has been no commercial production of the EDR system; (4) only experimental prototypes exist; (5) no efforts have been made to market the system; (6) no sales have been consummated; and (7) no orders have been taken for future sales.

In opposition to the instant motion, Autotrol contends that the EDR system is not a new business because it has been in the business of selling water purification systems since 1973. Further, Autotrol submits that working prototypes, which met all the performance and economic criteria, were in place prior to the termination of the contract; the EDR system would have been promoted in an existing market through Continental's existing distribution system. Autotrol has submitted a five year projection of profits based upon computations "made on the basis of market data supplied by Continental and detailed cost and sales figures developed jointly by the parties prior to termination." Affidavit of J. Schwerdt, par. 6.

Is Autotrol's contribution to the production of the EDR system a new business? "An established business should be one that is in actual operation long enough to give it permanency and recognition." *Atomic Fuel Extraction, supra,* 386 S.W. 2d at 188. Based upon the factual submissions that only experimental prototypes exist and no marketing or sales efforts have been undertaken, I am persuaded that the EDR system is not an established business.

Even if I were able to conclude that the EDR business venture is a continuation of Autotrol's established business, Autotrol lacks the ability to prove lost future profits. In *Silberstein v. Laibovitz,* 200 S.W. 2d 647, 650 (Tex.Civ.App., Austin 1947), the court discussed the degree of proof necessary to establish loss of anticipated profits where a business venture is a continuation of an established business:

> [F]or proof of lost profits to be competent, such opinions or estimates of losses must be predicated upon factual data derived from the previous operation of such business, showing costs of operation, previous profits earned, and similar facts and circumstances, as affording a basis for the computation of probable losses.

Autotrol's five year projection schedule reflects the fact that both parties contemplated making a profit; however, such anticipation is not relevant to the inquiry whether Autotrol will be able to prove the fact of damages. Although both parties have experience in the water purification industry, no one in the industry has ever produced or marketed an EDR system; there is no track record of market success or failure of the EDR system. No data on previous profit earnings or costs of operation exist for comparison. These facts demonstrate that Autotrol could not meet the standards set forth in *Silberstein.*

The plaintiff challenges the "new" or "established" business theory in conjunction with the claim of lost future profits and cites numerous cases and texts. My reading of the Texas cases referred to above persuades me that the plaintiff's argument is unavailing.

Therefore, IT IS ORDERED that the defendants' motion for partial summary judgment in their favor with regard to the plaintiff's tortious interference claim be and hereby is denied.

IT IS ALSO ORDERED that the defendants' motion for partial summary judgment in their favor with regard to dismissing the plaintiff's claim for lost future profits be and hereby is granted.