## NABORS v. JOHNSON.

### No. 1238.

Court of Civil Appeals of Texas. Waco.

June 2, 1932.

Rehearing Denied July 11, 1932

K. Van Slyck and John W. Craig, both of Dallas, for plaintiff in error.

J. M. Burford, of Dallas, for defendant in error.

ALEXANDER, J.

Mrs. Annie E. Nabors brought this suit against E. B. Johnson to recover damages for breach of a rental contract. She alleged that she leased a residence in the city of Dallas from the defendant for a period of one year, but before the expiration of the lease term the defendant evicted her, The court sustained a general demurrer to the petition, and, upon the failure of the plaintiff to amend, the suit was dismissed. Plaintiff sued out a writ of error.

It is not clear upon what theory the trial court sustained the general demurrer, but apparently it was on the assumption that plaintiff did not allege sufficient facts to show that she had been forced to vacate the premises. In other words, the defendant contends that plaintiff's petition shows that she voluntarily surrendered possession of the property. The petition alleged that on a certain named date during the lease term the defendant, who was the owner of the premises, "entered upon the same and evicted plaintiff therefrom, since which time defendant has kept plaintiff out of possession therefrom, and has prevented plaintiff from occupying, using, or in any manner enjoying the same, as under her lease agreement she was entitled so to do, to her serious damage as hereinafter stated and shown." She further alleged that the defendant gave her notice to vacate the premises, and thereafter "she was compelled to and did give up said possession pursuant to and in compliance with said notice to vacate." She alleged that the defendant occupied two of the rooms under contract with her, and that, while he was on the premises as such roomer, he made various threats to forcibly

expel her from the premises and used violent language to plaintiff in the presence of her boarders, and that his conduct was such that her peaceable and quiet occupancy of the premises was rendered impossible and intolerable, and she was forced and compelled to vacate the premises.

In order to constitute an eviction, it is not necessary that there be a manual or physical expulsion from the premises. If the landlord's conduct be such as to materially and permanently interfere with the beneficial use of the premises and the defendant leaves as the result thereof, then there is a constructive eviction. On the other hand, if the tenant voluntarily leaves the premises or vacates for other reasons other than the conduct of the landlord, or if the conduct of the landlord is not such as to justify an abandonment of the premises, there is no eviction. 36 C. J. 261; 16 R. C. L. 686.

While the petition alleges that plaintiff gave up possession pursuant to, and in compliance with, the notice to vacate, and thus suggests that she voluntarily abandoned the premises in response to such notice and without just cause, she further alleged that she was compelled to vacate the premises by reason of the conduct of the defendant. In passing on the sufficiency of a petition as against a general demurrer, every reasonable intendment must be indulged in favor of the petition. When so considered, the petition in this case is sufficient to charge that plaintiff had been evicted from the premises and that she did not voluntarily surrender possession. We think the court erred in sustaining the general demurrer.

The judgment of the trial court is reversed, and the cause remanded for a new trial.