## COMMUNITY THEATERS, Inc., v. WEIL-BACHER.

### No. 1322.

Court of Civil Appeals of Texas. Waco.

Feb. 2, 1933.

Rehearing Denied March 16, 1933.

Terrell, Davis, Hall & Clemens, of San Antonio, for appellant.

Kilday & Howard, of San Antonio, for appellee.

STANFORD, Justice.

In this case is involved a lease contract, by the terms of which appellee leased to appellant certain property situated in San Antonio, Tex., for the consideration of $300 per month, to be paid in advance. The record shows that appellant became delinquent in the payment of rents for the months of January, February, and March, 1931, and that appellee, in order to collect said rents, filed suit against appellant; the number of said cause being 22153. Appellee recovered therein and said case was not appealed, and the judgment for said rents became a final judgment. Later, appellant again failed to pay rents for the next three months, same being for April, May, and June, 1931, and appellee again sued appellant for the rents for said months, the number of this last case being 22613, which last-named case is now on appeal, and is the one now before us for consideration.

Appellant contends that the verdict and judgment in cause No. 22153, the same being for rents for January, February, and March, 1931, constituted res adjudicata of the issues submitted in this case, No. 22613, notwithstanding the fact that the present case was a suit for rents accruing under said lease for the months of April, May, and June, 1931. The second point raised by appellant is that the argument of appellee's counsel constitutes reversible error. These two question are raised in various ways under several assignments of error, and are the only material points involved in this appeal.

■■ It is well settled in this state that when a specified sum of money is payable in installments, as the rent was in this case, each installment as it becomes due constitutes a distinct cause of action, for which suit may be maintained when payment is refused. The contract was clearly divisible and authorized a suit for each monthly installment of rent as it became due and was unpaid, and the former judgment mentioned was no bar to the present suit. Meacham v. O'Keefe (Tex. Civ. App.) 198 S. W. 1000; Racke v. Anheuser-Busch Brewing Ass'n, 17 Tex. Civ. App. 167, 42 S. W. 774; Williams v. Houston Cornice Works (Tex. Civ. App.) 101 S. W. 839; Great Southern Life Ins. Co. v. Johnson (Tex. Civ. App.) 13 S.W.(2d) 424; 34 C. J. 1154. It will be noted that in cause No. 22153, which was for the collection of rents for January, February, and March, 1931, the defendant pleaded in bar of plaintiff's cause of action for rents the same months for which rent was sought to be recovered in that case, and all issues in that case, No. 22153, confined the jury to those three months. Therefore, the condition of the premises during the months for which rent was sought to be recovered in this case, No. 22613, was not, and could not have been, involved in said cause No. 22153. This being true, the findings of the jury in response to said issues in No. 22613 could not have been res adjudicata of the issues in said cause.

Appellant contends further that proper repairs were not made during the months of January, February, and March, and that water leaked into said building, etc. The record, however, shows that this condition was entirely remedied during the latter part of March, 1931, which was during the rental period of January, February, and March, and that since said time, including the months for which rent was recovered in this present case, no water has been in the theater. This being true, said condition existing in the month of March was not involved in this case, but only the months of April,

May, and June were so involved. The only other contention is with reference to the doors, and the testimony of the plaintiff shows that same were fixed, and the jury so found.

In cause No. 22153, which was to collect rents for January, February, and March, there was involved the issue of proper repairs, as well as rents for said months, and the jury allowed only $300 rent, the remaining $600 being applied to repairs to said building during said rental period of January, February, and March, placing said building in good condition and so not requiring additional repairs during the next rental period of April, May, and June.

■ As we view the questions of law involved in this case, the defenses set up by the appellant were wholly immaterial, as the covenant to pay rent on the part of appellant and the covenant to repair on the part of appellee were independent covenants, and the defendant could not defeat the plaintiff's suit for rent by merely showing that plaintiff had not kept the premises in good condition. In Mitchell v. Weiss (Tex. Civ. App.) 26 S.W.(2d) 699, 700, the court says: "The covenant of the landlord to repair and the tenant's covenant to pay rent are regarded as independent covenants unless the contract between the parties evidences the contrary. Accordingly, the breach by the landlord of his covenant [if there was any] does not justify the refusal of the tenant to perform his covenant to pay rent." This being true, there was but one judgment the court could have entered, under the pleadings and evidence in this case, and that is the judgment which was entered by the trial court. The general manager of the defendant, Mr. John T. Wilson, Jr., testified that the defendant is still in possession of the premises.

■ The next question raised by appellant is the alleged improper argument of counsel, complained of in defendant's only bill of exception. This alleged improper argument was not objected to at the time it was made, nor until the motion for rehearing was presented. It it further true that counsel for appellant does not copy the whole of the argument alleged to be improper, but only excerpts from same. It is well settled that where the trial court has overruled an objection to alleged improper argument of counsel the appellate court will not interfere unless it appears the trial court abused its discretion in overruling same. Emberlin v. Railway Co. (Tex. Com. App.) 284 S. W. 539. "When in motion for new trial, complaint is made of argument in violation of this rule, the motion should not be granted on such complaint, unless the argument, under all the facts and circumstances in the case, was calculated to prejudice the rights of the complaining party."

In the present case the court submitted to the jury special issue No. 9, wherein the court submitted for the determination of the jury whether the defendant had waived certain minor defects, particularly in the balcony, booth, and ceiling of the building. The undisputed evidence discloses that the defendant had operated the theater for which rent was recovered herein for some four years, with the balcony, booth, and ceiling in the same condition as constructed and as they now are, and that defendant never complained thereof. The evidence further showed that the defendant did not seek to avoid the lease until business began to fall off. The appellant did not see fit to object to counsel's argument when made on November 25, 1931, when the argument was alleged to have been made, nor call it to the court's attention so that the matter could be passed upon while fresh in the minds of the trial judge and parties to the suit, but waited until the filing of the amended motion for new trial, which was filed December 21, 1931, at which time complaint was made of the argument for the first time, and this complaint made to isolated statements without showing the language or context of which said argument was a part. The appellant does not contend, nor does the bill reflect, that the statements set out in the bill, when construed with the other language used by counsel, were not a legitimate discussion of the evidence upon the issue of waiver which had been submitted to the jury by the court. The argument of which complaint is made was not abusive, it was not inflammatory, it was not outside the record, and, as we view this argument in connection with the entire case, it is thought said argument constitutes no proper ground for a reversal. Travelers' Ins. Co. v. Peters (Tex. Civ. App.) 3 S.W.(2d) 568, 573; St. Louis & S. F. Railway Co. v. Green (Tex. Com. App.) 37 S.W. (2d) 123; Gulf Refining Co. v. Youngblood (Tex. Civ. App.) 23 S.W.(2d) 522.

There were many other assignments, but it is apparent that all of them are wholly immaterial to any issue in this case.

Having examined all the assignments, and finding no reversible error, said case is affirmed.