STILLMAN et vir. v. YOUMANS et vir.

No. 12701.

Court of Civil Appeals of Texas.

Galveston.

April 1, 1954.

914

Philip Stillman,. and H. Fletcher Brown, Houston, for appellant.

H. A. Crawford, Houston, for appellee.

HAMBLEN, Chief Justice.

This suit was instituted in the District Court of Harris County by the appellants, Mrs. A. Stillman, joined by her husband, Philip Stillman, against the appellees, Mrs. J. Merle Youmans and her husband, George A. Youmans, to recover $2,350.00 rental alleged to be due under the terms of a lease contract between appellants as landlords and appellees as tenants. Appellants also sought judgment for alleged damages to the property not the result of ordinary wear and tear. Appellees denied appellants' allegations generally and alleged a constructive eviction during the term of the lease and payment of all rents due until the date of such eviction, and also filed a cross-action for damages because of the eviction. The cause was submitted to a jury and upon the verdict appellants recovered judgment for damages in the sum of $700.00 but were denied judgment for the rents sued for. No issues were requested by appellees on their cross-action. Neither litigant complains of the judgment for damages rendered in appellants' favor and this appeal is directed solely to the judgment denying appellants recovery of the rents.

Appellants assert thirty-six points of error, all of which present in varying phraseology and particularity two basic contentions, upon the correctness of either of which appellants contend the judgment as appealed from should be reversed and rendered in their favor. These contentions

are: (1) that the facts alleged by appellees and the evidence offered in support thereof, when viewed in the light most favorable to the judgment, do not as a matter of law constitute a constructive eviction, and (2) that even if the facts do constitute a constructive eviction, appellees having affirmatively plead the defense by way of avoidance of their obligation and being charged with the burden of establishing facts necessary to support such defense, failed to request the submission of issues to the jury which are necessary as a matter of law to establish a constructive eviction.

This Court is of the opinion that the appellants are correct in both of the contentions which they make and that all of their points of error as variously directed thereto must be sustained.

■ Upon the pleadings and the undisputed evidence appellants establish their right to the rents claimed to be due. The judgment denying recovery must find its support solely upon the theory of constructive eviction upon which appellees rely to avoid the obligation. The facts relied upon by appellees to support their defense of constructive eviction, when viewed in the light most favorable to the judgment, may be summarized as follows:

"Mrs. Youmans testified that (about March 10) * * * 1952, during regular business hours, when two customers were in the store, Mr. and Mrs. Stillman walked in and in a stage whisper said 'Honey, is your check in yet?', to which she replied that it was not, that she was not able to pay the rent yet, and asked if they could discuss it later, pointing to the customers back of her who were not at that time close enough to hear what was being said, if they were decently quiet, which they were, at first. Mrs. Youmans testified she then stated 'I want to discuss a number of things with you' and Mr. Stillman stepped up and said 'The rent is past due, Mrs. Youmans' and she said 'I know that and I am going to pay it, I have paid you for four years so don't be afraid I can't pay you now, but I can't pay you today' and she asked them to please leave and let her take care of her customers, that she wished to talk to them after closing time, there being two customers standing at her counter waiting for her to wait on them, who were pacing up and down and whom she had never seen before in her life and who were ready to make their purchases and whose time she should not waste. She asked the Stillmans to please leave and let her take care of them after working hours and after her customers left. She did not care particularly whether it was after working hours or not. The Stillmans however did not leave, though asked repeatedly, and finally she told them to leave and accentuated it by opening the front door and telling them to leave now, by which time she had lost all control and had forgotten about her customers and knew it was too late to save them, if they believed what they were hearing. At this time Mr. Stillman said 'Mrs. Youmans, it will not do your business any good to have a law suit against you and I am an attorney.' He walked up and down the front, waving his arms, talking so loud that the people from the beauty shop came up to listen, and Miss Allison and her customer were standing in the doorway watching and the customer said 'What in the world is going on here?' The Stillmans did not leave after she opened the door until the third time and after the threats, and after the abandonment of all dignity and everything, and not until her customers walked up to her and she was holding the door inviting the Stillmans out, which she did nicely at first, but wasn't doing nicely then, she admits, and the customer said 'Mrs. Youmans, will you please wait on us so we can leave?' It put her in bed for two days, physically and mentally, and made her ashamed to face her customers for a week at least, so that she only did it because she had to make some money, it being that embarrassing, and she made up her mind the minute Mr. and Mrs. Stillman walked out the door to move out."

The incident related above occurred within the space of thirty minutes. Ad-

mittedly the rent was at that time past due since February 15th preceding. Appellees vacated the premises on April 15th following the incident. There is evidence in the record that appellees never removed all of their effects from the premises. They moved into other premises which they had contracted for prior to the incident at a lower rental than was called for under their lease with appellants and which had been contracted for with the expressed intention of occupancy in lieu of appellants' premises because of the reduced rental.

It is the opinion of this Court that the facts which have been stated in substance fail as a matter of law to meet the requirements which the courts of this State and other jurisdictions have held necessary to constitute a constructive eviction. In 52 C.J.S., Landlord and Tenant, § 455, p. 171, a constructive eviction is defined as follows: "An intentional act or omission of the landlord, or by those acting under his authority or with his permission, that permanently deprives the tenant without his consent of the use and beneficial enjoyment of the demised premises or any substantial part thereof, in consequence of which he abandons the premises, constitutes a constructive eviction." Without quoting the recited text further authorities annotated therein amply support the following analysis of the definition given. There must be present the intention on the part of the landlord that the tenant shall no longer enjoy the premises, which intention, however, can be presumed from the circumstances proven. The act or omission complained of must be material and permanent. The tenant must abandon the premises within a reasonable time after the act or omission. The abandonment must be a direct consequence of the act or omission and the abandonment must be complete. The foregoing principles were followed and approved in the case of Nabors v. Johnson, Tex.Civ.App., 51 S.W. 2d 1081, and in other decisions by appellate courts of this State.

When the facts in this case are examined in the light of the cited authorities, it is apparent that they fail to meet the legal requirements of constructive eviction in several particulars. Rather than give rise to a presumption that the landlord intended that the tenant no longer enjoy the premises, every reasonable intendment discernible to this Court negatives such presumption. A request that a tenant pay rent carries with it the necessary implication that the tenant was to continue to occupy the premises. The entire act of the landlord which is complained of took place admittedly within the space of thirty minutes, which under no construction could be called a permanent interference with the tenant's beneficial enjoyment of the premises. Appellees have cited no authority which has held that such acts as are here complained of, or any acts of similar character, have ever been held to constitute a constructive eviction. On the contrary, every authority to which this Court's attention has been directed either expressly or by necessary implication holds that such acts as a matter of law do not constitute constructive eviction. The landlord, as this Court views the matter, was entirely within his rights in making a demand for the payment of past due rent. All of the embarrassment and other consequences of which the tenant complains could have been avoided by the payment when due or even when demanded of the obligation contracted for. To hold that the facts in this case could constitute a constructive eviction would permit any tenant desiring to avoid the obligation of a lease contract to do so by the simple expedient of defaulting in the payment of rent contracted for and when demand is made therefor by the landlord to contend that such demand interfered with his beneficial enjoyment of the premises.

Aside from the conclusions which we have thus reached and even though we be mistaken therein, the following considerations would in any event require a reversal of the judgment appealed from. Constructive eviction was plead by

appellees by way of avoidance of the obligation sued on. It was their burden to establish and secure jury findings favorable to them upon the elements necessary to support such defense. In so far as constructive eviction is concerned, appellees requested and the court submitted only two issues. In answer thereto the jury found that appellants' conduct on or about March 10, 1952 was such as to materially interfere with the appellees' use and enjoyment of the premises and that such interference was such as to render appellees' further occupancy wholly intolerable. These findings, even if supported by the evidence, constitute but two elements of constructive eviction. No issue was requested or submitted upon the elements of the intention of the landlord, the permanency of the interference, the reasonableness of the time within which the tenant abandoned the premises, the completeness of such abandonment, and whether the same was a consequence of the landlord's interference. The evidence is such as would support a finding adverse to appellees on each of such omitted elements. No presumption can be indulged that such findings were made by the court in favor of the judgment rendered within the provisions of Rule 279, Texas Rules of Civil Procedure, for the reason that appellants, before the submission of the case to the jury, objected to the charge and the issues as submitted, pointing out specifically wherein the same failed to submit those findings necessary to support the defense alleged by appellees. Therefore, even if the facts here presented could under any interpretation constitute a constructive eviction, the verdict is not such as will support the judgment rendered.

Because of the errors which have been discussed, the judgment of the trial court must be reversed. Since the case appears to have been fully developed in the trial court, judgment must be reversed and here rendered in favor of appellants in the sum of $2,350.00 together with interest thereon at 6% from the date of the trial court's judgment until paid.