**Dr. C. N. AMMONS, Appellant,**

v.

**George R. BEAUDRY, Appellee.**

No. 16122.

Court of Civil Appeals of Texas.

Fort Worth.

June 17, 1960.

Rehearing Denied July 15, 1960.

Mayfield & Atkins and Vernon C. Mayfield, Fort Worth, for appellant.

H. K. Welch, Fort Worth, for appellee.

RENFRO, Justice.

This is an appeal by a tenant from a judgment for rent entered against him in a summary proceeding wherein the pleadings, lease contract and affidavits were before the court. Appellant Ammons and appellee Beaudry entered into a written lease agreement on the 20th day of April, 1957, whereby Ammons agreed to pay Beaudry the sum of $225 per month rental on The Dental Clinic at 3503 Bluebonnet Circle for a period of six months.

The lease provided any holding over by the lessee after the expiration of the lease should operate as a tenancy from month to month at a rate of $225 per month.

The record before the trial court at the hearing on the motion for summary judgment showed without dispute that appellant did "hold over", by remaining in possession, occupying and using the premises for a period of 14 months, and was indebted to appellee in the sum of $3,145.45.

The only purported defense offered by appellant was his allegation that appellee failed to fulfill an agreement to install air conditioning units in two windows whereby the property became uninhabitable and unfit for the purposes for which it was used.

It is appellant's contention that the facts alleged by him constituted a legal defense and thereby a genuine issue of fact was raised so as to preclude a summary judgment.

The fact that the units were not installed did not justify the refusal of the appellant to perform his covenant to pay rent. It is undisputed that appellant continued to occupy and use the premises for the entire period for which appellee was awarded rent in the judgment. It was held in Mitchell v. Weiss, Tex.Civ.App., 26 S.W.2d 699, 700: "The covenant of the landlord to repair and the tenant's covenant to pay rent are regarded as independent covenants unless the contract between the parties evidences the contrary. Accordingly, the breach by the landlord of his covenant does not justify the refusal of the tenant to perform his covenant to pay rent. Certainly this is true when the tenant remains in possession, occupancy, and use of the premises as the undisputed evidence in this case shows was done. The tenant is remitted to the right to recoup himself in the damages resulting from the landlord's breach of his covenant to repair."

The covenants of the respective parties in the instant case are independent. There is nothing in the contract to suggest that installation of the window units was a condition precedent to appellant's covenant to pay the rent.

If appellant was damaged by reason of the failure of appellee to install the window units he could have sought relief by cross-action or recoupment. 27 Tex. Jur., p. 96, sec. 34; Oscar v. Sackville, Tex. Civ.App., 253 S.W. 651. This he did not do.

Since appellant did not plead a legal defense to the rent which the record, without dispute, showed to be due, and since he did not seek affirmative relief by cross-action or otherwise, no issue of fact remained to be determined.

Affirmed.