Dr. Walter T. EDWARDS, Appellant,

v.

WARD ASSOCIATES, INC., Appellee.

No. 16162.

Court of Civil Appeals of Texas.

Dallas.

April 19, 1963.

Rehearing Denied May 17, 1963.

Wade, Davis, Callaway & Marshall, Fort Worth, for appellant.

J. Manuel Hoppenstein and Jerome L. Prager, Dallas, for appellee.

BATEMAN, Justice.

Suit was filed by appellee for rents and a reasonable attorney's fee alleged to be due under a written lease. Appellant alleged in his answer that at the time of execution of the lease the premises covered thereby consisted only of a floor, four walls and ceiling, in which appellee agreed to make certain improvements and install heating and cooling equipment; that from the time appellant went into possession (in August 1959) pools of water accumulated near the front doorway, both inside and out, every time it rained, making it impossible for appellant to use the premises as a medical clinic, and that appellee's refusal to correct this situation resulted in the constructive eviction of appellant, by reason of which he surrendered the premises to appellee in December 1960. Appellant also alleged that appellee failed to keep the areas in the rear of the demised premises clean and free from garbage and other refuse, rendering the premises untenantable as a medical clinic, that to induce appellant to enter into the lease contract appellee promised to have a street adjacent to the premises paved and also to refer all persons coming to appellee's nearby drug store, who inquired for medical attention or services, to appellant, both of which promises appellee failed to perform; also that appellee breached its contract to install suitable cooling and heating in the premises; all of which derelictions on the part of appellee resulted in damages of $25,000 to appellant, for which he made counterclaim.

The jury found in response to special issues that (1) appellee expressly waived written notice of defects in the premises; (2) a material defect existed in the leased premises causing flooding by rain water which prevented appellant from maintaining his doctor's office therein, (3) of which appellant advised appellee prior to moving out of the premises; (4) that appellee failed and refused to correct such material defect prior to appellant's moving out; (5) that a material defect existed in the air conditioning system which prevented appellant from maintaining his doctor's office therein, (6) of which appellant advised appellee prior to moving out of the premises, (7) that appellee failed and refused to correct such material defect prior to appellant's moving out; (8) that appellant suffered damages by reason of the matters inquired about, (9) in the sum of $500.

Appellee filed motions to disregard all of said jury findings and for judgment non obstante veredicto for the amount of rents admittedly unpaid for the remainder of the term of the lease and for a reasonable attorney's fee. Appellant filed a motion for judgment on the verdict, that the appellee take nothing and that appellant recover $500 on his counterclaim.

The court sustained appellee's motion to disregard the jury findings, and rendered judgment non obstante veredicto awarding to appellee the rents and attorney's fee sued for and decreeing that appellant take nothing by his counterclaim. In the body of the judgment the court assigned various reasons for his actions which are denominated "findings of fact and conclusions of law" but which we did not consider in determining whether the judgment non obstante veredicto should stand or be reversed. 33 Tex.Jur.2d 531.

We sustain the action of the trial court in rendering judgment notwithstanding the verdict in favor of appellee for the rents and attorney's fee. In making this determination we have considered the testimony in the light most favorable to appellant and have indulged every intendment reasonably deducible from the evidence in favor of appellant and against the judgment. 3–B Tex.Jur. 382.

In his first three points of error the appellant contends that the court erred in overruling his motion for judgment on the verdict, and in holding that neither the

findings nor the evidence are sufficient to establish a defense. We find no merit in any of these assignments.

 It is apparent from the record and the briefs that appellant abandoned his defensive theory of constructive eviction. The judgment states that his counsel abandoned it in open court, and in appellee's brief the same statement is made. The recital in the judgment imports verity. 49 C.J.S. Judgments § 437, p. 869; Bass v. Hoagland, 5 Cir., 172 F.2d 205, 208. In appellant's reply brief he not only does not deny the statement, but in criticizing the pertinence of certain authorities cited by appellee states that they "deal with constructive eviction and these cases have no application to our case. Our case is based upon the landlord's failure to furnish a premises suitable for use as a doctor's office in which he failed in two very material respects as shown by the evidence and the findings of the jury."

 Moreover, since no issues were submitted or requested on the essential elements of constructive eviction, we hold that this defensive theory was waived. Stillman v. Youmans, Tex.Civ.App., 266 S.W.2d 913, no wr. hist.; Nabors v. Johnson, Tex. Civ.App., 51 S.W.2d 1081, no wr. hist.; Richker v. Georgandis, Tex.Civ.App., 323 S.W.2d 90, err. ref. n. r. e.; Hoover v. Wukasch, Tex.Civ.App., 274 S.W.2d 458, err. ref. n. r. e.; Rule 279, Vernon's Texas Rules of Civil Procedure.

 Furthermore, with respect to appellant's claim that puddles of water gathered on the sidewalk immediately inside and outside the front door each time it rained, making the premises untenantable and thus excusing him from liability for the rents reserved in the lease, it is our holding that if the facts show any obligation on the part of appellee to remedy this situation, such obligation would be independent of appellant's obligation to pay the rents provided for and reserved in the lease. As stated in Mitchell v. Weiss, Tex.Civ.App., 26 S.W.2d 699, 700:

"The covenant of the landlord to repair and the tenant's covenant to pay rent are regarded as independent covenants unless the contract between the parties evidences the contrary. Accordingly, the breach by the landlord of his covenant does not justify the refusal of the tenant to perform his covenant to pay rent. Certainly this is true when the tenant remains in possession, occupancy, and use of the premises as the undisputed evidence in this case shows was done. The tenant is remitted to the right to recoup himself in the damages resulting from the landlord's breach of his covenant to repair."

See also 32 Am.Jur. 408, § 499; Ammons v. Beaudry, Tex.Civ.App., 337 S.W.2d 323, err. ref.

 Appellant's complaints of the failure of the appellee to remove the garbage and other refuse from the areas to the rear of the premises, and its failure to have the street adjacent to the premises paved, and its failure to refer persons to appellant for medical services were all abandoned and waived by appellant's failure to request submission of any issues to the jury thereon. Rule 279, Vernon's Texas R.C.P. Furthermore, the evidence, viewed in a light most favorable to appellant, fails to establish that any of these things caused the premises to be untenantable or resulted in any damage to appellant.

 This brings us then to appellant's claim that he should be relieved of liability for further rents under the lease because of the alleged breach of the lease by appellee in failing to provide adequate heating and cooling. We find no merit in this contention. Nowhere in the lease or in the testimony do we find evidence of any agreement, express or implied, on the part of the appellee to keep the heating and air conditioning equipment in repair or to maintain the temperature of the air in the offices within any given range in summer or in winter. On the contrary we note that in the

section numbered "4th" in the lease contract it is provided:

"That the Lessee shall at his expense keep the interior of the building, including the plumbing, closets, pipes and fixtures belonging thereto, in good repair; and shall take good care of the property and its fixtures and suffer no waste; and keep the water pipes and connections free from ice and other obstructions, to the satisfaction of the municipal or governmental authorities, during the term of this lease."

Appellant obviously recognized his obligation in this respect because he testified that he called the air conditioning people several times to come out and make adjustments. It is interesting to note that in the beginning he specified by name the certain brand of air conditioning equipment which was installed. Accordingly, we hold that appellee owed no duty to appellant with respect to the heating or air conditioning, from which it follows that appellee's alleged breach in this respect did not legally excuse appellant from his obligation to pay the rents provided for and reserved in the lease.

■ It will be seen from what we have said above that no defense was shown to appellee's claims for rents and attorney's fee; and that portion of the judgment must therefore be affirmed. This makes it unnecessary for us to pass upon appellant's fourth point of error wherein he asserts that the trial court erred in holding that the answers of the jury in response to Special Issues numbered 1 through 9 have no support in the evidence. Regardless of whether support may or may not be found in the evidence for these issues, we hold that they are insufficient in law to establish a defense and therefore immaterial.

■ Appellant's fifth point of error on appeal asserts that the trial court erred in finding the facts set out in the judgment as findings of fact and conclusions of law. As stated earlier in this opinion we take these so-called "findings" as a sort of explanation or statement of the reasons of the trial court justifying his action in disregarding the jury findings and rendering judgment for appellee *non obstante veredicto*. They do not enter into our determination of the propriety *vel non* of the judgment actually rendered. Accordingly this point is overruled.

■ By his sixth point appellant asserts error on the part of the trial court in holding that as a matter of law there was no constructive eviction of appellant and that appellant in open court abandoned the theory of constructive eviction. We have heretofore given our reasons for holding that the record does show abandonment of the theory as well as waiver thereof by appellant. The essential elements of constructive eviction are set forth in Stillman v. Youmans, Tex.Civ.App., 266 S.W.2d 913, no wr. hist.; viz., an intentional act or omission of the landlord that permanently deprives the tenant without his consent of the use and beneficial enjoyment of the demised premises, or a substantial part thereof, in consequence of which he abandoned the premises within a reasonable time after the act or omission. Not only were no issues requested on these indispensable elements, but there was no evidence offered to prove them. Accordingly the sixth point is also overruled.

■ In his seventh point of error on appeal, appellant asserts that the trial court erroneously held that he had failed to prove by competent evidence any damages sustained as a direct result of appellee's acts or omissions. As hereinbefore shown, the jury found that there were two material defects in the leased premises which prevented appellant from maintaining his doctor's office therein; viz., one causing flooding by rain water and the other in the air conditioning system. The jury further found that appellee was advised of these defects but failed and refused to correct the same, in consequence of which appellant suffered damages in the sum of $500. The finding with respect to the air conditioning was properly disregarded because, as herein-

before shown, appellee owed no duty to appellant with respect to keeping the air conditioning equipment in repair.

■ We also hold that the findings with respect to the flooding by rain water were properly disregarded because there is no evidence in the record to establish that appellant sustained any pecuniary loss on account of such flooding. He offered evidence as to certain charges he made for certain medical services; that his overhead at this place amounted to about $1300 per month, and that his gross receipts amounted to only about $600 per month; that an average of only five or six patients a day came to him during the fifteen months he occupied the premises, whereas at his main office, which he had maintained several years, he saw thirty to forty a day; that his annual income dropped about $6,000 at his main office because of the time he spent at the new branch office; that his patients who called at his office shortly after or during a rain storm had to wade through the puddle of water in front of his front door, where the water was deep enough to come up over the soles of their shoes, and that these patients complained, but nowhere in the record is there any evidence definitely pointing to the loss of a single patient or of any income because of this admittedly annoying situation.

■ Generally speaking, the measure of damages for a landlord's breach of covenant to repair or keep in repair the demised premises is the difference between the contract rental of the premises and the rental value of the premises in their unrepaired condition. Mitchell v. Weiss, Tex. Civ.App., 26 S.W.2d 699, no wr. hist. We are also aware of the rule announced in such cases as Gray v. Tate, Tex.Civ.App., 251 S.W. 820, no wr. hist., that where the landlord expressly agreed to make certain repairs and either fails to do so or does so ineffectively, the actual loss of or damage to goods of the tenant resulting from such failure may be recovered. But here the appellant offered no proof of the difference in the rental values or of damage to particular property, contenting himself with an effort to establish loss of profits. As indicated above, a careful study of the entire record fails to establish any such loss. It will be borne in mind that here the leased premises was located in a new shopping center in a suburban residential section of Fort Worth. Appellant testified that he had never had any previous experience of operating a branch office; that this was his first such venture and it was new; that he didn't know and wouldn't be able to estimate, what his income would be and that he was taking a risk. It is well settled that anticipated profits from a business which had not been established at the time of the alleged breach are necessarily so speculative and remote that recovery thereof will not be allowed. Southwest Battery Corp. v. Owen, 131 Tex. 423, 115 S.W.2d 1097; Silberstein v. Laibovitz, Tex.Civ.App., 200 S.W.2d 647, 650, no wr. hist.; 13 Tex.Jur. (Rev) 207, § 103. Therefore, the seventh point is overruled.

Finding no reversible error in the record, and being of the opinion the trial court eventually reached the right result, we affirm the judgment in its entirety.

Affirmed.