**Gordon STEWART et al., Appellants,**

**v.**

**J. P. LOMAX, Appellee.**

**No. 129.**

Court of Civil Appeals of Texas.

Corpus Christi.

Oct. 14, 1965.

Rehearing Denied Nov. 4, 1965.

Mahoney, Shaffer & Hatch, Lee Mahoney, Corpus Christi, for appellants.

Luther E. Jones, Jr., Corpus Christi, Richard D. Hatch, Aransas Pass, for appellee.

GREEN, Chief Justice.

Appellants Gordon Stewart and Curtis Hall, duly licensed real estate dealers, filed suit against appellee J. P. Lomax to recover the sum of $1,250.00 as a commission under the provisions of a written contract. Some time after plaintiffs' motion for summary judgment had been overruled, the case went to trial before the court without a jury, and a take-nothing judgment was rendered. At the request of plaintiffs, findings of fact and conclusions of law were filed.

This appeal is presented on two points, as follows:

## FIRST POINT

"The trial court erred in overruling plaintiffs' motion for summary judgment on their claim against appellee."

## SECOND POINT

"The trial court erred in refusing to render judgment for appellants and in entering judgment for appellee because the undisputed and uncontradicted evidence and testimony is directly contrary to the findings of fact made by the court, and such findings of fact have no support in the evidence and testimony and appellants were entitled to judgment based on the facts established."

■ We shall first consider the second point, which raises the law question of no evidence to support the trial court's findings. Gulf, Colorado & Santa Fe Railway Company v. Deen, 158 Tex. 466, 312 S.W.2d 933. In determining whether the trial court's findings are supported by any evidence of probative value, we will give credence only to the evidence favorable to the findings, and will disregard all evidence to the contrary. Brown v. Frontier Theatres, Inc., Tex.Sup.Ct., 369 S.W.2d 299.

It was appellants' position in the trial court, and is their contention here, that they are entitled to recover by virtue of an alleged violation by appellee of a written contract being plaintiffs' exhibit No 1, and readings as follows:

"Feb. 5, 1963

"It is mutually agreed by and between the undersigned that Gordon Stewart and Curtis Hall, as real estate agents, are to receive a total of $1,250.-00 in full and complete satisfaction for their commission for services rendered in the sale of any part of the 843.8 acre tract of M. A. Broughton property in San Patricio County, Texas; such $1,250.00 to become due and payable by J. P. Lomax upon completion of a sale of part of such property to J. P. Lomax."

This instrument was signed by Clint A. Broughton, J. P. Lomax, Gordon Stewart, and Curtis Hall.

The court's findings of facts, being somewhat lengthy, we copy herein the portions pertinent to our discussion, as follows:

"1. Late in 1962 or early in 1963 defendant entered into a contract of sale with Clint Broughton to buy a 354 acre tract of land. It was the claim of plaintiffs that on completion of any sale of this tract to defendant they were entitled to be paid a real estate commission by seller. The seller caused defendant to be made aware of this claim and required, as a condition of completing the sale, that defendant agree to pay plaintiffs, as a real estate commission, the sum of $1,250.00. Defendant thereupon entered into the agreement which is in evidence as Plaintiffs' Exhibit No. 1. The promise of defendant in such agreement to pay $1,250.00 to plaintiffs was made solely to meet seller's requirement of such a promise from him as a condition of selling the aforementioned 354 acre tract to him. This promise was not made in consideration of any services rendered or to be rendered by plaintiffs to defendant with reference to said 354 acre tract or with reference to any other land. The intent of the parties to such agreement, reflected by the words they used construed in the light of their situation and the surrounding circumstances, was this, that in case of completion of sale of the 354 acre tract to the defendant then he was to pay to plaintiffs the sum of $1,250.00, i. e. the intent of the parties to such agreement was that completion of such sale was a condition precedent to defendant's liability thereunder. The parties to such agreement did not intend that defendant would be liable to pay such sum in event of a failure of such sale to be completed. Sale of said 354 acre tract was not completed. The reason it was not completed was that the seller was not able to convey a title sufficient to meet defendant's title requirements, Seller and defendant, in these circumstances, mutally agreed to rescind the contract of sale as to said 354 acre tract.

"2. In the meantime, on July 1, 1963, about three months after execution of the agreement which is in evidence as Plaintiffs' Exhibit 1 there was a sale to defendant of a 320 acre tract. This is the only sale shown by the evidence to have been made to defendant.

"3. * * * Nor did they (appellants) establish by a preponderance of the evidence that the intent of the parties to the aforementioned agreement was that defendant was to be liable under such agreement upon completion of sale to him of said 320 acre tract. On the contrary, a preponderance of the evidence establishes that the parties to such agreement did not have any such intent but instead intended only that defendant was to be liable under such agreement if, but only if, there was a sale completed to him of the aforementioned 354 acre tract.

*   *   *   *   *   *

"6. Premises considered, it is the conclusion of the Court that plaintiffs did not legally establish any ground of recovery entitling them to recover and that, accordingly, defendant was entitled to entry of the take nothing judgment heretofore entered in this cause."

The only witness to testify as to the facts of the transaction was appellee, called to the stand by appellants as an adverse witness. According to his testimony, in 1962 appellee had been interested in buying all of the M. A. Broughton 843.8 acre tract, and had put up escrow money for that purpose, but the deal fell through. Thereafter, a portion of the land was sold to other parties, and in the early part of 1963, when appellee was again interested in buying the land, there was only 354 acres available for purchase. He entered into an agreement to buy this 354 acre tract, putting in escrow the sum of $5,000.00 earnest money. This was done prior to the execution of the written agreement copied above. Appellee denied that such agreement was signed February 5, 1963, testifying that it was entered into in April, 1963. Appellants early in 1963 had contended that as real estate agents, they had an exclusive listing with the owners of the M. A. Broughton tract, and had notified the owners and appellee that if the sale to appellee went through, they would demand their commission from sellers. It was appellee's testimony that the commission contract with appellants was executed solely for the purpose of removing the problem caused by appellants' asserted claim of their right to commission from the seller should the sale of the 354 acre tract be completed, and was not made in consideration of any services rendered or to be rendered by appellants to appellee with reference to the 354 acre tract, or any other land.

The trial court, in his formal findings, construed the contract between appellants and appellee as reflecting an intention on the part of the parties that appellee was to become liable to pay $1,250.00 to appellants if, and only if, there should be completed a sale to appellee of the particular part of the M. A. Broughton property referred to in the testimony as the 354 acre tract. In the trial, he ruled the contract to be ambiguous on this point, since the provision fixing possible liability of appellee for the commission was conditioned "upon completion of a sale of *part* of such property to J. P. Lomax." He permitted appellee to testify to facts evidencing that the "part of such property" contemplated by the parties referred only to the 354 acres which was then available for sale, and which appellee was already under contract with owners to buy. Appellants do not challenge this construction by any point or by any argument urged in their brief, nor raise any point to this Court as to the admissibility of such testimony. They state in their brief that "The sole question for determination then is whether or not the sale was completed as contemplated by the written agreement to pay a commission. It is appellants' position now, as it was before the trial court, that the sale was completed in legal contemplation. * * *"

The appellee testified and the trial court found that the sale was not completed, for the reason that seller was not able to convey a title sufficient to meet appellee's requirements. Seller and appellee, under these circumstances, agreed to rescind the

contract of sale of such 354 acres, and appellee's escrow money was restored to him.

Kendrick v. Boon, Tex.Civ.App., 254 S. W.2d 1016, writ ref., n. r. e., cited by appellants, is not applicable to the facts of this case. That was a suit by a real estate broker against vendors for commission on sale of land, in which the sale was not consummated. The trial court rendered judgment for the broker. No findings of fact or conclusions of law being filed, the appellate court presumed that the trial court made such findings favorable to its judgment as were supported by the evidence. The court, quoting from West Realty & Investment Co. v. Hite, Tex.Com.App., 283 S.W. 481, in affirming the judgment, said:

"Generally, it will be conceded that, when a broker employed to sell property has found a purchaser who is ready, able, and willing to buy at the price and upon the terms specified in the broker's contract of employment, he has earned his commission, even though through some fault or inability of the owner the deal is never actually consummated. The rule extends even to those cases where the commission is to be payable only upon the consummation of the sale, if such consummation is prevented through the fault of the owner. The law will not permit the owner to deny to the broker his right to recover a commission where the broker himself has fully complied as far as possible, and where his only dereliction is produced entirely through the fault of the owner himself."

In the present case, according to the testimony, the contract between appellee and seller with reference to the purchase by appellee of the 354 acre tract had been made and the $5,000.00 earnest money had been deposited by appellee before the agreement between appellee and appellant was executed. The parties could not have considered the execution of the sales contract as equivalent to completion of the sale to appellee.

In July, 1963, the appellee purchased from the then owners a 320 acre tract, being the west part of the 843.8 acre M. A. Broughton tract, and not a portion of the 354 acre tract heretofore mentioned. Appellee testified to facts leading to the conclusion that it was not the intention of the parties that the commission contract covered this sale, and the court found that the parties did not intend that it should, and that it was their intent that such contract applied only to a completed sale of the aforementioned 354 acre tract. As stated above, appellants in their brief agree that the sole question for determination is whether the sale of the 354 acre tract was completed in legal contemplation.

■ Other fact findings than those mentioned herein which we do not consider necessary to the rendition of the judgment were made by the court; however, we find that there was evidence to support the findings of the court herein stated, that such findings were not contrary to the undisputed and uncontradicted evidence, and that such findings were sufficient to support the conclusion of law made by the court. Appellants' second point is overruled.

■ Appellants' first point is based on alleged error in the action of the trial court in overruling their motion for summary judgment. This is not a point for consideration on appeal from a judgment rendered on a trial of the merits of the case. Dyche v. Simmons, Tex.Civ.App., 264 S.W. 2d 208, writ ref., n. r. e.

Judgment affirmed.