Sidney RAVKIND et al., Appellants,

v.

JONES APOTHECARY, INC., et al., Appellees.

No. 15410.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

March 6, 1969.

Rehearing Denied March 27, 1969.

Mandell & Wright, Herman Wright, Houston, for appellants.

Eddington, Kroll, Friloux & Smith, Warren L. Eddington, Ralph Abercia, Hellmut A. Erwing, Houston, for appellees.

PEDEN, Justice.

Appellants brought this suit for rents and a reasonable attorney's fee on a written lease whose primary term was for a period of ten years. Appellees had moved out of the leased premises many months before the end of the term, and the rents collected from the tenants who succeeded them were less than the amount agreed upon by the parties to this suit in their lease agreement.

Appellees' answer alleged that appellants had breached their written covenant to repair by their failure to repair certain material defects in the premises and this breach made the premises unsuitable for the purpose for which they were rented (space for offices for the practice of medicine and dentistry). Further, that appellees should be credited with the reasonable cash market value of the unexpired term of the lease which remained after they had moved out. Defendant Jones also pleaded as an offset damages of $15,000.00 for cost of repairs, loss of business, inability to use fixtures and the cost of vacating the premises.

At the conclusion of the evidence the trial court withdrew the appellants' (plaintiffs') case from the jury, ruled in their favor for the recovery of rents, and submitted defensive issues to the jury inquiring as to 1) the existence of material defects in the main exterior walls, etc., 2) whether plaintiffs failed and refused to correct such material defects, if any, before defendants moved out, 3) whether plaintiffs were given written notice of the defects, if any, or 4) whether plaintiffs waived written notice of them.

The jury answered the first three issues in favor of defendants-appellees and did not answer the fourth one. From a judgment in favor of defendants, plaintiffs have perfected this appeal.

Appellants' first point of error is that the trial court erred in entering judgment for the defendants in that the failure of the landlord to repair the premises is not a defense to a suit against a lessee for rent in the absence of a finding of a constructive eviction. We sustain this point.

"The covenant of the landlord to repair and the tenant's covenant to pay rent are regarded as independent covenants unless the contract between the parties evidences the contrary. Accordingly, the breach by the landlord of his covenant does not justify the refusal of the tenant to perform his covenant to pay rent. Certainly this is true when the tenant remains in possession, occupancy, and use of the premises as the undisputed evidence in this case shows was done. The tenant is remitted to the right to recoup himself in the damages resulting from the landlord's breach of his covenant to repair." Mitchell v. Weiss, 26 S.W.2d 699 (El Paso, Tex.Civ.App., 1930, no writ); Ammons v. Beaudry, 337 S.W.2d 323 (Fort

Worth, Tex.Civ.App., 1960, writ ref.); Community Theaters, Inc. v. Weilbacher, 57 S.W.2d 941 (Waco, Tex.Civ.App., 1933, no writ).

Appellees point out that in these cases the tenants had remained in possession, occupancy and use of the premises. However, the same rule was applied even though the tenant had moved out of the premises in the case of Edwards v. Ward Associates, Inc., 367 S.W.2d 390 (Dallas, Tex.Civ.App., 1963, writ ref., n. r. e.).

The lease contract contained a covenant of appellants to keep the exterior walls, roof, foundation, main timbers and steel beams and the water pipes located in the walls and ceiling in substantial repair, order and condition; no liability was to arise from failure to make such repairs until the lessors (appellants) had had a reasonable period of time to make them after receipt of a written notice from the lessees. There is nothing in the lease to suggest that appellants' covenant to keep the premises in substantial repair was a condition precedent to appellees' covenant to pay rent. We have examined the lease and conclude that the two covenants are independent as a matter of law.

■ Appellees have not raised the defensive theory of constructive eviction by their pleadings or proof; they did not submit or request issues on all of the essential elements of the theory and appellants' objection to the first issue in the court's charge pointed out that the ultimate facts relative to a constructive eviction were not being submitted. We hold that the theory of constructive eviction was waived. Stillman v. Youmans, 266 S. W.2d 913 (Galveston, Tex.Civ.App., 1954, no writ); Edwards v. Ward Associates, Inc., supra.

■ A constructive eviction is an intentional act or omission of the landlord, or of those acting under his authority or with his permission, that permanently deprives the tenant without his consent of the use and beneficial enjoyment of the demised premises or any substantial part thereof, in consequence of which he abandons the premises. 52 C.J.S. Landlord and Tenant § 455 p. 303; Stillman v. Youmans, supra; Edwards v. Ward Associates, Inc., supra.

Appellees have not sought affirmative relief by cross-action or otherwise, and we find nothing in the record to indicate that they objected to the trial court's having withdrawn appellants' suit for rents and attorney's fees from the jury and having ruled in appellants' favor as to it. Appellants' brief states that the parties had agreed to submit the question of their attorney's fees to the trial court in the event judgment was in their favor. This statement will be accepted as correct, because it was not challenged by any opposing party. Rule 419, Texas Rules of Civil Procedure.

Having sustained appellants' first point, we find it unnecessary to consider their others. We conclude that appellants are entitled to recover from the appellees the rents still unpaid less the amount received from a new tenant plus attorney's fees, costs and interest.

The judgment of the Trial Court is reversed and remanded with instructions that after attorney's fees for appellants have been fixed, judgment be entered in favor of appellants against the appellees jointly and severally in accordance with this opinion.

On Motion for Rehearing

■ Appellants' motion to file a supplemental transcript and appellees' reply to such motion were considered with the appeal on the merits. Appellant Sidney Ravkind had timely filed an appeal bond and transcript, and this Court had jurisdiction over the appeal. An amended appeal bond was filed in the trial court to include the other appellants, and appellants' motion sought permission to file a supplemental

transcript to include the amended appeal bond.

The intention of the appellants other than Mr. Ravkind to appeal is indicated by their notice of appeal as recited in the judgment in the trial court, by their formal notice of appeal and by the use of the plural "plaintiffs" in the first paragraph of the first appeal bond.

Under Rule 430, Texas Rules of Civil Procedure and on authority of Kimberly Development Corp. v. First State Bank, 404 S.W.2d 631 (Houston 1st, Tex.Civ. App.1966, writ ref., n. r. e.), and the cases cited therein, we permitted the filing of the supplemental transcript.

The motion for rehearing is overruled.