Meyer STEINBERG, d/b/a Sher-Den Mall, Appellant,

v.

MEDICAL EQUIPMENT RENTAL SERVICES, INC., Appellee.

No. 18253.

Court of Civil Appeals of Texas, Dallas.

Jan. 24, 1974.

Rehearing Denied Feb. 21, 1974.

---

John D. Hill, Brown & Hill, Sherman, for appellant.

R. C. Slagle, III, Joe M. Joiner, Sherman, for appellee.

CLAUDE WILLIAMS, Chief Justice.

This appeal is from a judgment awarding damages for constructive eviction from leased premises and denying recovery for claimed delinquent lease payments. Finding some evidence to support the jury's findings of constructive eviction we affirm the judgment.

Medical Equipment Rental Services, Inc. brought this action against Meyer Steinberg, individually and doing business as Sher-Den Mall, in which it was alleged that on June 23, 1970 plaintiff and defendant had executed and entered into a contract in which defendant leased to plaintiff certain premises situated in the City of Sherman, Grayson County, Texas, and being a part of a shopping mall. Plaintiff alleged that for the purpose of inducing it to enter into the lease agreement the defendant, through its agents, represented to the plaintiff that the defendant would, immediately upon execution of said lease by plaintiff, design, prepare and install any and all business signs necessary for plaintiff's business since such business was not located in the regular mall area. It was alleged that plaintiff advised the defendant and its agents that unless such signs would be erected it would not execute the lease; that plaintiff relied upon said representations and guaranties by defendant, and its agents, and believed such representations to be true at the time it executed the lease. Plaintiff further alleged that at the time such representation was made that defendant did not have any intent or purpose to comply with such agreement and representations and that it did thereafter refuse and fail to design, prepare and install such advertising signs, making it impossible for plaintiff to operate his business in a reasonable and profitable manner; that the wrongful and fraudulent actions of defendant forced and compelled plaintiff to move his business to another location.

As a further part of its cause of action plaintiff alleged that defendant represented to plaintiff that the leased premises would be suitable for plaintiff's business; that on many occasions defendant allowed trucks and other vehicles to park in front of plaintiff's premises for long periods of time to load and unload merchandise and other items for other tenants; that defendant permitted garbage and trash to accumulate in the mall area which interfered with the normal use of the leased premises by plaintiff; that the acts and conduct of the defendant disturbed, obstructed, hindered and interrupted the plaintiff's use of the demised premises and that such premises were rendered untenantable. Plaintiff alleged that as a result of such conduct on the part of defendant the plaintiff was constructively evicted from the premises. Plaintiff enumerated certain items of damages resulting from the constructive eviction. He prayed for judgment awarding him these damages.

By way of counter-claim Meyer Steinberg sought a judgment against Medical Equipment Rental Services, Inc. for rent due under the lease and praying that the lease agreement be adjudicated as valid, subsisting and in full force and effect.

Steinberg filed his motion for partial summary judgment which was considered by the court and overruled.

At the conclusion of plaintiff's evidence and again at the conclusion of defendant's evidence Steinberg presented his motion for instructed verdict in which he alleged that there was no evidence of fraud or constructive eviction. These motions were overruled.

The court submitted the case to the jury on special issues and in response thereto the jury found (1) that prior to the execution of the lease agreement Steinberg, acting through his agents, represented to Medical Equipment Rental Services, Inc., that immediately upon execution of the lease defendant would design, prepare and install any and all business signs necessary for plaintiff's business; (2) that said representation was made by defendant to plaintiff as a material inducement to plaintiff signing the lease; (3) that said representation was made as a statement of fact; (4) that such representation was false; (5) that plaintiff relied upon said representation in executing the lease agreement; (6) that plaintiff would not have signed the lease agreement if such representation had not been made. Answering special issues 15–17 the jury found that Steinberg, through his agents, allowed the premises adjacent to plaintiff's business to be used for purposes that made plaintiff's leased premises unsuitable for his business; that such conduct of Steinberg was such as to interfere materially and permanently with the beneficial use of the premises by plaintiff; and that plaintiff moved from the premises as a result of such conduct on the part of defendant. In special issues 18 and 19 the jury found damages in the total amount of $1,600. The court rendered judgment for Medical Equipment Rental Services, Inc. against Meyer Steinberg for that amount. The judgment denied Steinberg any recovery by virtue of his counter-claim. In twenty-seven points of error appellant seeks reversal of this judgment.

We will consider these points in the order in which they are presented.

■ In his first point of error appellant asserts that the trial court erred in not granting his motion for partial summary judgment. This point is overruled for the reason that the order of the trial court overruling a motion for partial summary judgment is interlocutory and therefore not appealable. The judgment complained of in this appeal was rendered following a trial on the merits. In such a posture the case is not one where we may properly consider a point complaining of the trial court's refusal to grant a partial summary judgment. Dyche v. Simmons, 264 S.W.2d 208 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n. r. e.); Stewart v. Lomax, 395 S.W.2d 82 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.); City of Shamrock v. Hrnciar, 453 S.W.2d 898 (Tex.Civ.App.—Eastland 1970, writ ref'd n. r. e.); West Texas Equipment Co. v. Walker, 417 S.W.2d 864 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.); Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670 (1955). We are not here presented with the situation where both parties file a motion for summary judgment and the court sustains one motion and overrules the other. In such a case the appellate court may properly review the trial court's action on both orders. Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (1958); Ackermann v. Vordenbaum, 403 S.W.2d 362 (Tex.1966); Triplett v. Shield, 406 S.W.2d 941 (Tex.Civ.App.—Eastland 1966, writ ref'd n. r. e.).

■ In his second, third, fourth and fifth points of error appellant complains of the action of the trial court in overruling his special exceptions directed to the allegations of fraud contained in plaintiff's second amended original petition. These points are overruled for the reason that the record fails to disclose that the special exceptions were properly called to the court's attention and overruled by the court by signed written order. Any complaint directed to the action of the court in over-

ruling special exceptions is therefore waived.

■ However, we have considered the pleadings to which the special exceptions were directed and find that the trial court would not have been in error by overruling them. Appellee properly pleaded each of the essential elements of fraud which it asserted was the inducement to the execution of the lease agreement. Appellant's exceptions to these allegations were based upon the contention that same were improper in that they would have the effect of changing the written provisions of the signed agreement. Appellee was clearly entitled to plead the essential elements of the alleged fraud in the inducement to execute the contract in question. Dallas Farm Machinery Co. v. Reaves, 158 Tex. 1, 307 S. W.2d 233 (1957); Merchandise Mart, Inc. v. Marcus, 483 S.W.2d 893 (Tex.Civ.App. —Tyler 1972, writ ref'd n. r. e.).

■■ In his sixth and seventh points of error appellant complains of the admission of the testimony of the witness Richard L. Myers concerning representations made concerning the signs and also the condition of the premises. We overrule these points. Having properly alleged the essential elements of fraud which caused the execution of the contract by appellee, it was perfectly proper for appellee to offer evidence in support thereof. Dallas Farm Machinery Co. v. Reaves, 158 Tex. 1, 307 S.W.2d 233 (1957). Myers' testimony concerning trash accumulation adjacent to the leased premises was clearly admissible in support of the allegations concerning constructive eviction.

■ In his eighth through fourteenth points, inclusive, appellant complains of the action on the part of the court in admitting into evidence certain interrogatories propounded to the witness John F. McDonald. The primary thrust of appellant's objections to the questions propounded to this witness, and his answers thereto, was that the questions were leading, the answers were unresponsive, and some of the questions were not limited to any particular time. We have carefully considered and analyzed each of the interrogatories objected to, as well as the answers given thereto by the witness McDonald, and have concluded that these points of error should be overruled. While some of the interrogatories might conceivably be subject to the objection that they are leading and some of the answers are rather broad in their scope, yet we hold that appellant has failed to demonstrate that such errors, if any, were reasonably calculated to cause, and probably did cause a rendition of an improper judgment. Texas Rules of Civil Procedure, rule 434.

By his fifteenth and sixteenth points appellant complains of the action of the trial court in overruling his motion for instructed verdict filed after the close of plaintiff's evidence and again after all evidence had been concluded. These motions contained two grounds. In his first ground appellant contended that he was entitled to an instructed verdict because plaintiff had failed to provide any evidence to establish the elements of fraud in the inducement of a contract. In his second ground appellant asserted that plaintiff had failed to produce any evidence to establish the elements of constructive eviction. Since we hold that the trial court was correct in overruling the motion based upon the second ground relating to constructive eviction we need not discuss the question of fraud.

■ The trial court was correct in overruling the second point advanced by appellant in his motion. While such authorities as Nabors v. Johnson, 51 S.W.2d 1081 (Tex.Civ.App.—Waco 1932, no writ) and Silberstein v. Laibovitz, 200 S.W.2d 647 (Tex.Civ.App.—Austin 1947, no writ), recognized the concept of constructive eviction, we were not furnished a complete and comprehensive definition of the elements of constructive eviction until the decision in Stillman v. Youmans, 266 S.W.2d 913 (Tex.Civ.App.—Galveston 1954, no writ). As stated in *Stillman* the essential elements

are (1) an intention on the part of the landlord that the tenant shall no longer enjoy the premises, which intention may be inferred from the circumstances; (2) a material act by the landlord or those acting for him or with his permission that substantially inteferes with the use and enjoyment of the premises for the purpose for which they are let; (3) the act must permanently deprive the tenant of the use and enjoyment of the premises; (4) the tenant must abandon the premises within a reasonable time after the commission of the act. Cases subsequent to *Stillman* have adopted and followed these essential elements. Richker v. Georgandis, 323 S.W.2d 90 (Tex.Civ.App.—Houston 1959, writ ref'd n. r. e.); Ravkind v. Jones Apothecary, Inc., 439 S.W.2d 470 (Tex.Civ.App. —Houston [1st Dist.] 1969, writ ref'd n. r. e.); Hoover v. Wukasch, 274 S.W.2d 458 (Tex.Civ.App.—Austin 1955, writ ref'd n. r. e.); Bifano v. Econo Builders, Inc., 401 S.W.2d 670 (Tex.Civ.App.—Dallas 1966, writ ref'd n. r. e.); Edwards v. Ward Associates, Inc., 367 S.W.2d 390 (Tex.Civ. App.—Dallas 1963, writ ref'd n. r. e.).

■ The appellant's complaint of the refusal of the trial court to sustain a motion for instructed verdict is a "no evidence" point so we must view only the evidence that tends to support the existence of the elements of constructive eviction. The record reveals that the entrance to appellee's leased premises was not facing the mall itself but was facing a sidewalk. Appellee introduced testimony to the effect that on numerous occasions trucks were allowed to be parked at or near the entrance to appellee's place of business; that on several occasions appellee made complaints to appellant concerning this interference with his business and was told to be patient. Appellee also introduced testimony to the effect that trash containers were allowed to be placed in such proximity to the entrance to his place of business that trash and foreign substances blew into his place of business and adjacent thereto. He complained of this fact to the appellant but was again told to be patient. Appellee reached the conclusion that the situation would not be corrected and that he could not do business under those conditions. He therefore proceeded to vacate the premises. We do not deem it necessary to detail all of the testimony concerning the constructive eviction, and the essential elements thereof, since we have found sufficient evidence of probative force to support the essential allegations concerning constructive eviction and the submission of issues relating thereto.

■ In his seventeenth through twenty-seventh points of error appellant complains of the action of the trial court in overruling his objections to special issues 1 through 6 and 15 through 19. While the record does reveal that appellant objected to the submission of each of the special issues we find no order of the court indicating that such objections were presented to, considered by, and overruled by the court. In absence of such an order the objections to the charge are deemed to have been waived. However, we have examined the objections made and find the same to be without merit. Special issues 1 through 6, inclusive, relate to the questions concerning fraud. The only exceptions leveled at these issues by appellant were that there were no pleadings, or insufficient pleadings, and no evidence or insufficient evidence to support the submission of these issues. As to special issues 1, 2, and 3, it was alleged that each was multifarious, vague and misleading. We find adequate support the submission of the jury's anpleadings as well as sufficient evidence to swers to each of the issues.

We also find adequate pleadings and sufficient evidence of probative force to support the submission of the remaining issues to which complaint is leveled.

Having carefully considered each of appellant's points and finding that same do not reflect reversible error we affirm the judgment of the trial court.