## MITCHELL v. WEISS.
### No. 2404.

Court of Civil Appeals of Texas. El Paso.
March 20, 1930.

Rehearing Denied April 10, 1930.

Coke & Coke and Thos. G. Murnane, all of Dallas, for plaintiff in error.

W. P. Donalson, of Dallas, for defendant in error.

HIGGINS, J.

On November 8, 1924, plaintiff in error, Mitchell, leased to defendant in error, Weiss, for a term of five years from January 1, 1925, at a stipulated annual rental payable monthly, certain property situated in the city of Dallas "being the two story brick building known as No. 907 Elm street, and 906 Pacific Avenue, fronting 20 feet on each street, with a depth of 150 feet, and also the two story building known as 909 Elm street and 908 Pacific Avenue fronting 25 feet on each street with a depth of 150 feet adjoining the property first above described on the East, making a total of 45 x 150 ft. in all."

The lease contains the following covenants:

"1. That the Lessee shall pay the rent monthly in advance as aforesaid, as the same shall fall due."

"5. That the Lessee shall, in case of fire, give immediate notice to the Lessor, who shall thereupon cause the damage to be repaired forthwith; but if the premises be by the Lessor deemed so damaged as to be unfit for occupancy, or if the Lessor shall decide to rebuild, the lease shall cease and the rent paid up to the time of the fire."

"7. The said Lessee hereby undertakes to make any repairs necessary for the occupation of the property known as 907 Elm Street and 906 Pacific Avenue at his own expense, and the Lessor is to be at no expense whatever for either of said properties during the currency of this lease."

With the consent of the lessor the lessee sublet the premises at 907 Elm and 906 Pacific to Leyhe Piano Company and W. E. Leyhe for a period of five years from January 1, 1925, at a stipulated rental. The first and fifth covenants of this sublease are covenants to pay rent and to repair in case of fire. They are in the same language substantially as in the lease between Mitchell and Weiss.

907 Elm and 906 Pacific were originally separate buildings, but had been connected so as to form one building.

On April 27, 1927, a fire occurred in the upper story of this building, doing considerable damage.

Mitchell undertook to repair the damage done and on June 7, 1927, notified Weiss the building had been repaired and ready for occupancy.

Weiss claimed the building had not been repaired properly and declined to pay the full monthly rental as stipulated in the contract, but tendered $277.75 monthly, being the sum which had been accepted by Mitchell as the monthly rental of the building known as 909 Elm and 908 Pacific, while the repairs were being made upon the other building. Weiss has continued monthly tenders of the $277.75 in full satisfaction which Mitchell declined to accept.

On September 2, 1927, Mitchell brought this suit against Weiss to recover the monthly installments then in arrears according to the contract.

Weiss answered by general denial and special defense setting up the following: The lease contract between Mitchell and himself and covenant of the lessor to repair, the subletting of 907 Elm, 906 Pacific to the Leyhe Piano Company, and W. A. Leyhe with Mitchell's consent, the occurrence of the fire and the damage thereby done to the premises occupied by the sublessees, the failure of Mitchell to properly repair the damaged building whereby the same was left in a rough, unsightly condition and dangerous to health, life, and limb of persons in and about the same, wherefore he was not legally liable to pay rent. He then admitted he was still occupying the premises known as 909 Elm and 908 Pacific and tendered the balance in arrears therefor which he alleged to be $277.75 per month.

By cross-action he then averred that by reason of the failure to properly repair the building occupied by the sublessees, such sublessees had refused to longer occupy the same and he had lost the rental agreed to be paid by the sublessees, and for the amount thereof he sought to recover over against the plaintiff.

The case was tried at the December term, 1928, of the 101st district court, and submitted upon two issues as follows:

"Did the Plaintiff, G. A. Mitchell, place the premises known as No. 907 Elm Street, and No. 906 Pacific Ave., in as good a condition as said premises were in just before said fire?"

"How much rent is due and owing by the Defendant, Martin Weiss, to the Plaintiff, G. A. Mitchell, as rent for 909 Elm st., and 908 Pacific Ave?"

The first issue was answered No; the second, $6,650, which is less than the contract price for the installments in arrears.

Judgment was not rendered at that term, but consideration of motion for judgment by Weiss taken under advisement by the court and so retained until the March term, 1929, when Weiss asked and was granted leave to file a trial amendment to his answer and cross-action.

Weiss then filed a trial amendment amending, first, his answer in an unimportant particular, and second, amended the prayer of his answer by adding a prayer for cancellation of the lease between himself and Mitchell.

Thereupon the court rendered judgment canceling the lease and in favor of Mitchell for $6,650, from which judgment Mitchell has prosecuted this writ of error.

The evidence is sufficient to support the finding that plaintiff in error did not repair the building known as 907 Elm and 906 Pacific so as to be in as good condition as just before the fire. He thus is in the position of not having faithfully complied with his covenant to repair in case of fire. The question then resolves itself into the respective rights of the parties in view of this breach, the other covenants in the lease, and undisputed facts disclosed by the record.

The covenant of the landlord to repair and the tenant's covenant to pay rent are regarded as independent covenants unless the contract between the parties evidences the contrary. Accordingly, the breach by the landlord of his covenant does not justify the refusal of the tenant to perform his covenant to pay rent. Certainly this is true when the tenant remains in possession, occupancy, and

use of the premises as the undisputed evidence in this case shows was done. The tenant is remitted to the right to recoup himself in the damages resulting from the landlord's breach of his covenant to repair. 1 Taylor Landlord & Tenant (9th Ed.), §§ 330, 331; 2 Williston on Contracts, § 890; 16 R. C. L. 943; Annotation in 28 A. L. R. beginning at page 1448; Arnold v. Krigbaum, 169 Cal. 143, 146 P. 423, Ann. Cas. 1916D, 370; Gralnick v. Magid, 292 Mo. 391, 238 S. W. 132, 28 A. L. R. 1530, and annotations thereunder; Young v. Berman, 96 Ark. 78, 131 S. W. 62, 34 L. R. A. (N. S.) 977, and note thereunder; Arbenz v. Exley, Watkins & Co., 52 W. Va. 476, 44 S. E. 149, 61 L. R. A. 957.

The covenants of the respective parties in the present case are independent.

There is nothing to suggest that performance of the landlord's covenant to repair in case of fire is a condition precedent to the tenant's covenant to pay rent. It follows the court erred in canceling the lease and the tenant Weiss is remitted to his action for damages.

■ The proper measure of damages varies with the facts of the particular case. In some cases it is regarded that the tenant, being in possession, should make the repairs when the landlord fails to do so, and the measure of damages in such a case is the reasonable cost of the repairs. 1 Sedgwick on Damages (9th Ed.) § 209.

The usual measure applied is the reduced rental value; that is, the difference between the contract rental and the rental value in the unrepaired condition. 35 C. J. 1191.

■ The present case is not one where the landlord has wholly breached his covenant to repair. At most the breach is but partial by failing to restore one of the buildings to as good condition as it was just before the fire. The tenant has not been disturbed in his possession of the buildings except in one of them, and then only during the brief period the repairs were being made. This interruption was of course authorized. The proper measure of the tenant's damage in this case is the reduced rental value, if any, as indicated above.

Upon the ruling made it becomes unnecessary to consider those questions relating to alleged 'misconduct of the jury and the action of the court in permitting defendant in error to file the trial amendment to his answer.

The court did not err in refusing to submit issues 2, 3, 4, and 5, requested by plaintiff in error. These issues were merely evidentiary upon the ultimate issue submitted in question No. 1.

■■ Proposition four complains of the exclusion of evidence tending to show the condition of the building occupied by the sublessees at the time the lease was made. This evidence is pertinent to the inquiry of the damages sustained by defendant in error arising out of the breach by plaintiff in error of his duty to restore the damaged building to the proper condition. In this connection, it may be said the plaintiff in error was under no obligation to make any repairs except those occasioned by the fire and necessary to restore the building to its condition just before the fire.

■■ There are some propositions relating to other rulings upon evidence which need not be discussed. From what has been said it is apparent the issues in this case are few and simple. The rulings complained of were made upon a misconception of the rights of the parties. It seems to us that upon retrial there should be no difficulty arising upon questions of the evidence properly admissible upon the issues indicated by this opinion. As to the evidence offered concerning the financial difficulties of the sublessees and their refusal to pay rent to Weiss, we will merely say that it is foreign to the issues between Mitchell and Weiss. It does not relieve Weiss of his covenant to pay rent to Mitchell and is incompetent upon the measure of the damage to be applied for the partial breach by Mitchell of his covenant to properly repair in case of fire.

Reversed and remanded.