Roy M. HORLOCK, Appellant,

v.

Dorothy Gray HORLOCK, Appellee.

No. A2540.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 25, 1981.

Rehearing Denied April 15, 1981.

Michael D. Stewart, Urban & Coolidge, Bryan W. Scott, Law Offices of Bryan W. Scott, Houston, for appellant.

Robert E. Ballard, Kronzer, Abraham & Watkins, John L. Russell, Ragan & Russell, Houston, for appellee.

Before MILLER, JUNELL and MURPHY, JJ.

JUNELL, Justice.

Appellant, Roy M. Horlock, defendant in the court below, seeks reversal of a judgment in favor of appellee, Dorothy Gray Horlock, plaintiff in the court below.

The Horlocks were married to each other on November 22, 1966, and were divorced by a decree dated January 6, 1975. During the marriage Mr. Horlock acquired an 11.89% interest in a limited partnership known as Brooks College, Ltd. This asset was not divided or disposed of in any manner in the divorce decree.

The instant suit was originally filed on June 11, 1976; but the plaintiff did not allege any cause of action with respect to Brooks College, Ltd. until October 3, 1978, when by her first amended original petition she sought to establish her interest in said partnership. On November 22, 1978, in deposition testimony by Mr. Horlock's accountant, it was divulged that on April 26, 1976, the limited partnership was changed to a general partnership and there was a 30% reduction in Mr. Horlock's interest therein. On March 7, 1979, in her third amended original petition Mrs. Horlock sought to recover damages for Mr. Horlock's conversion of her interest in the limited partnership.

In his answer the appellant pled that any cause of action for conversion of Mrs. Horlock's interest in Brooks College, Ltd. was barred by the statute of limitations since it was not filed within 2 years after April 26, 1976. Appellant also pled as a defense to the conversion action that Brooks College, Ltd. was his separate property.

In two of his points of error appellant claims that the trial court erred in awarding damages for conversion of Brooks College, Ltd. because such cause of action was barred by the statute of limitations and because the interest in Brooks College, Ltd. was Mr. Horlock's separate property. We overrule both of these points for the reasons set forth below.

■ The interest in Brooks College, Ltd. was acquired during the marriage of Mr. and Mrs. Horlock. The property was not divided or otherwise disposed of in the divorce decree. Community property consists of the property, other than separate property, acquired by either spouse during the marriage. Tex.Fam.Code Ann. § 5.01 (Vernon 1975). Property possessed by either spouse during or at the time of dissolution of marriage is presumed to be community property. Tex.Fam.Code Ann. § 5.02 (Vernon 1975). This presumption is rebuttable. 30 Tex.Jur.2nd *Husband and Wife* § 181 (1962) (Supp.1980), and numerous cases there cited. The burden of proof in rebutting it, of course, rests on the party who alleges that the presumption does not obtain. *Kitchens v. Kitchens*, 372 S.W.2d 249 (Tex.Civ.App.—Waco 1963, writ dism. w. o. j.).

■ In our opinion the appellant failed to sustain his burden of proving that the Brooks College, Ltd. interest was his separate property. His argument is very strained and complicated; but it seems that

if his evidence proves anything, it proves that the Brooks College, Ltd. interest was community property, not his separate property. He says that during the marriage he advanced $100,000.00 in community funds to Collegiate Service Corporation, a corporation in which Mr. Horlock owned over 14,000 shares as his separate property. In the appeal of the divorce suit, *Horlock v. Horlock*, 533 S.W.2d 52 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ dism'd.), this court held that said shares were Mr. Horlock's separate property, granted the community estate a right of reimbursement of $100,000.00 for advances made by the community estate and awarded Mrs. Horlock $50,000.00 of such reimbursement. In the instant suit Mr. Horlock contends that Collegiate Service Corporation gave him a promissory note for $30,000.00 to evidence a part of its indebtedness to him for the $100,000.00 in advances and that he purchased his interest in Brooks College, Ltd. with the $30,000.00 note. His argument is that since the appellate court in the divorce case ordered his separate estate to reimburse the community estate for the $100,-000.00 in advances, the $30,000.00 note became his separate property and his interest in Brooks College, Ltd. became his separate property when he used the note to buy the partnership interest. We disagree with this argument. Assuming, as appellant contends, that the $30,000.00 note was given to Mr. Horlock by Collegiate Service Corporation to evidence its indebtedness to him for a part of the advances of community funds to Collegiate Service Corporation, the note, upon delivery to Mr. Horlock, would have been a community asset of the parties and the interest of Brooks College, Ltd. purchased with that note would constitute a community asset.

Under this record we hold that appellant fell far short of sustaining his burden of proving that the partnership interest in Brooks College, Ltd. was his separate property. He has completely failed to trace his separate funds into the purchase of the Brooks College, Ltd. interest; therefore, the presumption is that it was community property and any doubt as to its character must be resolved in favor of the community. *Contreras v. Contreras*, 590 S.W.2d 218 (Tex.Civ.App.—Tyler 1979, no writ).

In view of our decision that the Brooks College, Ltd. interest was community property of the parties and because such interest was not disposed of by the divorce decree, after the divorce Mr. Horlock and his former wife each owned an undivided ½ interest therein as cotenants or as tenants in common. *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex.1970).

This brings us to a consideration of appellant's first point of error, that the cause of action for conversion of the Brooks College, Ltd. interest was barred by the two year statute of limitations.

In a cotenancy situation each cotenant is entitled to possession, and possession by one cotenant is generally not adverse to the other in the absence of some repudiation, notice or ouster. *Southern Pine Lumber Co. v. Hart*, 161 Tex. 357, 340 S.W.2d 775, 782 (1960). To claim adversely the cotenant in possession must repudiate the other's ownership, and notice of the repudiation must be brought home to the other cotenant. *Toscano v. Delgado*, 506 S.W.2d 317 (Tex.Civ.App.—San Antonio 1974, no writ); *Yeo v. Yeo*, 581 S.W.2d 734 (Tex.Civ.App.—San Antonio 1979, writ ref'd n. r. e.).

The *Yeo* case was a suit by a former wife against her former husband for partition of military retirement benefits. Mr. Yeo had retired from the U. S. Air Force on April 23, 1964, and received military retirement benefits from and after that date. The parties were divorced on September 3, 1964. Neither the property settlement nor the divorce decree mentioned military retirement benefits. Mr. Yeo pled several defenses, including the four year statute of limitations, and moved for summary judgment, which was granted. The Court of Civil Appeals reversed and remanded, holding that there was nothing in the record to show any repudiation by Mr. Yeo of his former wife's interest in the retirement benefits. As to the limitations defense the court said:

Since appellee specially pleaded the statute of limitations as an affirmative defense, it was his burden to prove all essential facts necessary for a recovery thereunder. Moreover, as movant for summary judgment, it was further incumbent on him to establish limitations as a matter of law. He did not meet this burden.

*Mooney v. Glasspool*, 602 S.W.2d 364 (Tex.Civ.App.—Beaumont 1980, no writ) is another case involving a former wife's suit to recover her share of her former husband's military retirement benefits. The parties were married in 1949 at a time when the husband had been in the army for four years. He retired in 1965 and began drawing his retirement benefits. The parties were divorced in 1971. In connection with the community property division the military retirement benefits were not mentioned. The former husband pled that the cause of action was barred by the statute of limitations. The case was tried to the court without a jury. At the conclusion of the trial the court agreed that limitations barred the action and denied the wife any recovery. On appeal the Beaumont Court reversed, holding that the limitations plea was "wholly without merit since there is no evidence on the record to show any repudiation by the husband of the wife's interest in the retirement funds." The husband contended on appeal that the trial court findings of fact and conclusions of law that the wife's cause of action was barred by the statute of limitations were binding on the appellate court. This contention was expressly overruled.

■ The effect of the decision in *Mooney* is that the burden of proof on the statute of limitations issue is on the cotenant who asserts that the rights of his cotenant are barred by the statute of limitations. This rule was recognized and followed in *Manning v. Benham*, 359 S.W.2d 927 (Tex.Civ.App.—Houston 1962, writ ref'd n. r. e.).

■ In our opinion this is the correct rule, and it governs our disposition of the appellant's first point of error. There is no evidence in the record that Mr. Horlock

ever gave Mrs. Horlock any notice that he had repudiated her interest in Brooks College, Ltd. Mrs. Horlock's first notice to that effect came in deposition testimony of Mr. Horlock's accountant on November 22, 1978, approximately two months after Mrs. Horlock had filed suit to establish her interest in Brooks College, Ltd. On March 7, 1979, Mrs. Horlock amended her pleadings to sue for damages for conversion of her interest in that limited partnership. Her suit for conversion was filed well within the limitation period after receiving notice of the conversion or of the repudiation of her interest by Mr. Horlock.

■ Appellant relies on the case of *Wise v. Anderson*, 163 Tex. 608, 359 S.W.2d 876 (1962), which held that the burden was on the plaintiff to plead and prove that the defendant was absent from the state to avoid the running of the statute of limitations on a cause of action for damages for the defendant's fraudulent inducement of plaintiff to execute an oil and gas lease. In our opinion that case is distinguishable from the instant case. In *Wise* there was no relationship between the parties that created any kind of a trust or imposed any kind of obligation on the defendant to give the plaintiff any kind of notice; whereas, in the instant case Mr. Horlock, as a cotenant with his former wife of the Brooks College, Ltd. interest, had a relationship in the nature of a trust and was under an obligation to act as to the property in such a manner as not to effect a detriment to Mrs. Horlock in her ownership and enjoyment thereof. 15 Tex.Jur.2d *Cotenancy* § 8 (1960).

Appellant also relies on *Weaver v. Witt*, 561 S.W.2d 792 (Tex.1977), a medical malpractice case in which the defendant doctor obtained a summary judgment based on the two year statute of limitations. Dr. Witt performed a hemorrhoidectomy on Weaver on February 1, 1971. Plaintiff alleged that Dr. Weaver negligently damaged nerves and muscles in the plaintiff's rectum, causing him to lose control of his bowels. Suit was not filed until January 16, 1976. To avoid the bar of the two year statute of limitations Weaver alleged that Dr. Witt

fraudulently concealed the cause of injury and that it was not until June 1, 1975, that Weaver discovered his injury was the result of Dr. Witt's negligent surgical performance. This court affirmed summary judgment for the defendant in *Weaver v. Witt*, 552 S.W.2d 565 (Tex.Civ.App.—Houston [14th Dist.] *rev'd per curium,* 561 S.W.2d 792 (Tex.1977), holding that both fraudulent concealment and the discovery rule were affirmative defenses to the statute of limitations with the burden of proof on the plaintiff to produce evidence raising fact issues as to the existence of each and that since the plaintiff failed to produce any summary judgment proof, the summary judgment for the defendant was proper.

The Texas Supreme Court affirmed this court's decision as to the fraudulent concealment but reversed as to the discovery rule, holding that it was the burden of the defendant doctor on motion for summary judgment to negate the pleading by the plaintiff that it was not until June, 1975 that he learned the true facts concerning the medical negligence suffered by him at the hands of the defendant which proximately caused his injury. Explaining the difference between the court's ruling on fraudulent concealment and on the discovery rule, the court said:

> The discovery rule referred to may be stated as the legal principle that a statute of limitations barring prosecution of an action for medical malpractice runs, not from the date of the practitioner's wrongful act or omission, but from the date the nature of the injury was or should have been discovered by the plaintiff. *Hays v. Hall,* 488 S.W.2d 412 (Tex.1972). The rule is not a plea of confession and avoidance of the statute of limitations but is the test to be applied in determining when a plaintiff's cause of action accrued. *Hays v. Hall, supra.* To be entitled to summary judgment, the burden is on the movant, defendant here, to negate the pleading of the discovery rule by proving as a matter of law that there is no genuine issue of fact concerning the time when the plaintiff discovered or should have discovered the nature of the injury.

The Supreme Court held that the defendant doctor had not negated the discovery rule allegations of the plaintiff and reversed and remanded the case for trial on the merits.

The Supreme Court holding with respect to the discovery rule, although made in connection with a motion for summary judgment and not a trial on the merits, is consistent with our holding here. Our holding is that Mrs. Horlock's cause of action for conversion of her interest in the limited partnership did not arise until her cotenant, Mr. Horlock, repudiated her interest and gave her notice thereof. As in the Supreme Court's opinion in *Witt v. Weaver* our holding does not involve a plea of confession and avoidance of the statute of limitation. We are not dealing with the matter of suspension of the statute of limitations, as in *Wise v. Anderson, supra.* On the contrary, our ruling here has to do with the test to be applied in determining when a plaintiff's cause of action accrued. Under these circumstances we hold that Mr. Horlock, in order to establish his statute of limitations defense, had the burden of proving that he repudiated Mrs. Horlock's interest and gave her notice thereof.

■ In his third and fourth points appellant claims error in the trial court's judgment restoring to Mrs. Horlock the stock in Collegiate Service Corporation which had been awarded to her in the divorce decree. In the instant case Mrs. Horlock sued Mr. Horlock for damages of $200,000.00 or more for the alleged conversion of said stock by Mr. Horlock. No issues were submitted to the jury concerning the alleged conversion or the damages resulting therefrom. Four weeks after the jury had returned its verdict, Mrs. Horlock filed a trial amendment praying for restitution of her stock in Collegiate Service Corporation. Thereafter, the trial court rendered a judgment which included such restitution. In his third point appellant contends that this part of the judgment had no support in the pleadings properly before the court, and his fourth point asserts that the trial court abused its discretion in allowing the trial amendment

after submission of the case to the jury. We hold that the trial amendment came too late and that the trial court abused its discretion in allowing the trial amendment after submission of the case to the jury and after return of the jury verdict. Therefore, we sustain points three and four and reverse that part of the judgment which restored to Mrs. Horlock the stock in Collegiate Service Corporation and render judgment as to said Collegiate Service Corporation stock in favor of the appellant.

From the filing of the instant suit until four weeks after the return of the jury verdict, Mrs. Horlock's only alleged cause of action with respect to the Collegiate Service Corporation stock was for damages for conversion. The entire case was tried on that theory. At the conclusion of the plaintiff's case and again after both parties rested, the appellant moved for an instructed verdict as to the Collegiate Service Corporation stock which was overruled. The record indicates that the appellee requested no special issues concerning the Collegiate Service Corporation stock. Appellee concedes that she could not prove that said stock had any market value at the time of the alleged conversion, which no doubt explains the failure to request any issues with respect to conversion or damages therefrom. On this record we hold that the issues first raised by appellee in her trial amendment were not tried by express or implied consent under Tex.R.Civ.P. 67.

■ One who sues for conversion of his property has an election to recover the property itself or its fair market value in damages. *Holland v. Lesesne*, 350 S.W.2d 859 (Tex.Civ.App.—San Antonio 1961, writ ref'd n. r. e.). However, appellee made her election to recover damages. Whatever she might have done earlier to change her election, she could not change it by a trial amendment filed after submission of the case to the jury and after the jury had returned its verdict.

Our decision on appellant's points of error three and four makes it unnecessary for us to pass on appellant's final point of error.

Appellee has filed three cross-points of error. Appellant contends that this court does not have jurisdiction of the cross-points of appeal because Mrs. Horlock did not file an appeal bond. We disagree. At the time pertinent to this appeal Tex.R. Civ.P. 353(c) provided as follows:

> No attempt to limit the scope of an appeal shall be effective as to a party adverse to the appellant unless the severable portion of the judgment from which the appeal is taken is designated in a separate notice served upon such adverse party and filed with the clerk within fifteen days after judgment or order overruling motion for new trial is rendered.

■ Appellant made no effort to comply with the requirements of Rule 353(c); therefore, this court has jurisdiction of the entire case on appeal, including appellee's cross-points. See the General Commentary to Tex.R.Civ.P.Ann. 353 (1967); *Payne v. Lucas*, 517 S.W.2d 602 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.); and *Brown v. Cox*, 459 S.W.2d 471 (Tex.Civ. App.—Houston, [14th Dist.] 1970, writ ref'd n. r. e.).

We now turn to a consideration of the three cross-points urged by appellee. The first cross-point claims error in the trial court's award to Mrs. Horlock of only ½ of the funds in the registry of the court from the sale of a piece of property known as the North Central Building. Mr. Horlock acquired an undivided 33⅓% interest in this property on August 31, 1974, during the marriage of the parties; and he continued to own such interest at the time of the divorce although the property was not mentioned in or in any manner was disposed of in the divorce decree. There is no contention that the Horlocks' interest in this property was not community property, and in fact it was very clearly community property. Since no division or any other disposition thereof was made in the divorce decree, Mr. and Mrs. Horlock each owned an undivided ½ interest in said 33⅓% interest in said property following the divorce. *Busby v. Busby*, supra.

The record shows that on December 29, 1976, the owners of the North Central Building property, including appellant but not appellee, sold the property to Doctan Investments. Twenty-five percent of the net proceeds of that sale was placed in the registry of the court and then used to purchase an interest-bearing certificate of deposit which is held by the clerk of the trial court pending final judgment in this case. In its judgment the trial court awarded Mrs. Horlock ½ of the funds deposited in the registry of the court, plus ½ of the interest earned thereon until paid.

Mrs. Horlock in her first cross-point makes two contentions with respect to the North Central Building property. Her first contention is that the trial court erroneously charged her interest in said property with her proportionate share of the mortgage debt against the property at the time of the sale. The basis for this contention by Mrs. Horlock is that the divorce decree provided that Mr. Horlock would be liable for any undisclosed debts and that this was such a debt. Mrs. Horlock asks this court to reverse the trial court's judgment as to this property and to award her judgment against Mr. Horlock for the sum of $260,047.60 (which is 16⅔% of the net proceeds of the sale of said property before deduction of the amount necessary to pay the debt against the property). At the time of the sale this debt was $1,314,697.50. We do not agree with Mrs. Horlock's contention on this point. This was not a community debt of the parties. No one was personally liable on the debt. The debt was collectible only by recourse to the property itself. We think that the assessment against Mr. Horlock in the divorce decree of any undisclosed debt did not entitle Mrs. Horlock to recover more than her share of the net proceeds from the sale of such property after deduction of the mortgage debt. Therefore, we overrule Mrs. Horlock's contention that she is entitled to judgment in the amount of $260,047.60.

Her next contention with respect to the North Central Building property is that the trial court should have awarded her $40,-931.36 out of the proceeds of the sale of said property, plus whatever interest has been earned on that portion of the certificate of deposit held in the registry of the court. We think her contention in this regard is well taken.

The divorce decree was signed on January 6, 1975, and on January 21, 1975, Mr. Horlock executed a written instrument reducing the Horlocks' interest in the property to 25%. Such agreement by Mr. Horlock after the divorce could not and did not affect his former wife's undivided 16⅔% interest in said property because he had no authority whatsoever after the divorce to bind her by his agreement.

A cotenant is neither a partner with nor an agent of the other cotenant, and it is the general rule that in the absence of express authority he cannot act for another cotenant. 15 Tex.Jur.2d *Cotenancy* § 8 (1960); *Willson v. Superior Oil Co.*, 274 S.W.2d 947 (Tex.Civ.App.—Texarkana 1954, writ ref'd n. r. e.); *Zimmerman v. Texaco Inc.*, 409 S.W.2d 607 (Tex.Civ.App.—El Paso 1966) *writ ref'd n. r. e.*, 413 S.W.2d 387 (Tex.1967).

The trial court awarded Mrs. Horlock 12½% of the net proceeds received from the sale of said property. This was ½ of the 25% interest owned by Mr. Horlock and his former wife at the time of the sale. However, as we have stated above, Mrs. Horlock's interest was ½ of 33⅓%, not ½ of 25%. Mr. Horlock's agreement after the divorce to reduce his interest could not affect Mrs. Horlock's interest. Her interest remained at 16⅔%, and she was entitled to that portion of the net proceeds of the sale. This amounts to $40,931.36. As to that part of the judgment of the court below which awarded her $30,698.52 out of proceeds from such sale, plus ½ of the interest earned from the certificate of deposit, we reverse and render judgment for Mrs. Horlock against Mr. Horlock for $40,931.36 out of such proceeds of sale and out of the certificate of deposit in the registry of the court, plus the interest earned on that portion of the certificate of deposit held in the registry of the court.

Appellee's second cross-point complains that the trial court erred in awarding her $31,500.00 instead of $51,057.00 as damages for conversion of her interest in a partnership known as Bauder Fashion College. Under the divorce decree each of the parties was awarded an undivided ½ interest in the Horlocks' 11.35% interest in said partnership. In the trial of the instant case the evidence conclusively showed that the Horlocks never owned an 11.35% interest in said partnership but owned only a 7% interest therein. The jury found the market value of the entire Bauder Fashion College partnership on the date of conversion by Mr. Horlock to be $900,000.00. The court below awarded Mrs. Horlock 3½% thereof, or the total sum of $31,500.00, as damages for such conversion. Mrs. Horlock contends in her second cross-point that she should have been awarded $51,057.00, based on ½ of 11.35% of the market value of said partnership. We disagree. The trial court in the divorce decree awarded each of the parties ½ of the Horlocks' interest in said partnership, which was mistakenly stated to be 11.35%. Under these facts neither party should receive ½ of 11.35% and thereby reduce the other party's interest. It was obviously the intention of the trial court in the divorce case to divide that properly equally between the parties. Not only did the court in the divorce case award to each of the parties a ½ interest in said partnership interest, though erroneously stating the total percentage interest of the parties to be 11.35%, but in addition there is a recitation by the court near the bottom of page 10 of the divorce decree to the effect that the court had divided equally between the parties their interest in said partnership.

The trial court in the instant case preserved that equal division by awarding Mrs. Horlock damages based on ½ of the market value of the interest actually owned by the parties at the time of the divorce. There was no error in doing so. Therefore, we overrule the appellee's second cross-point.

Appellee's third cross-point complains of the trial court's refusal to submit three special issues requested by appellee. These issues inquired (1) whether Roy Horlock willfully and intentionally misrepresented his ownership interest in the North Central Building during the divorce trial, (2) whether such willful misrepresentation was made with intent to defraud Dorothy Horlock of her rights and (3) what sum of money should be assessed against Roy Horlock by way of punitive damages.

Appellee has cited no authority supporting her contention that proof of the matters covered by said special issues would give her a cause of action against Mr. Horlock for damages. Appellant denies that he made any such willful and intentional misrepresentation during the divorce trial but also contends that, even if he did so, Mrs. Horlock has no cause of action against him for damages by reason thereof. We agree with appellant's contention and overrule appellee's third cross-point.

In the absence of a statute to the contrary, an unsuccessful litigant who has lost his case because of perjured testimony cannot maintain a civil action for damages against the person who commits the perjury. *Morris v. Taylor*, 353 S.W.2d 956 (Tex. Civ.App.—Austin 1962, writ ref'd n. r. e.); see also Annotation entitled "Testimony of witness as basis of civil action for damages" in 54 A.L.R.2d 1298. There is no statutory provision in Texas to the contrary.

That part of the judgment of the Court below which restored to Mrs. Horlock, the appellee, the stock in Collegiate Service Corporation is reversed and rendered in favor of Mr. Horlock, the appellant.

That part of the judgment which awarded each of the parties ½ of the principal and interest on the certificate of deposit in the original principal amount of $61,397.04, which is held in the registry of the court below, is reformed to the extent that appellee, Dorothy Horlock, is awarded $40,931.36 of the original principal amount of said certificate of deposit, plus interest earned on said amount under the terms of said certificate of deposit; and appellant, Roy Horlock, is awarded $20,465.68 of the original principal amount of said certificate of

deposit, plus interest earned on said amount under the terms of said certificate of deposit.

In all other respects the judgment of the court below is affirmed.