INWOOD NORTH PROFESSIONAL GROUP–PHASE I, Appellant,

v.

Joseph F. DAVIDOW, M.D., Appellee.

No. A14–85–658–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 16, 1987.

Rehearing Denied May 28, 1987.

Richard C. Waites, Houston, for appellant.

Brock C. Akers, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from a judgment awarding damages to appellee (defendant below) in a suit brought by appellant as lessor (plaintiff below) to recover damages under a lease for medical office space in which appellee was the lessee. Appellant brings twenty-two points of error alleging the trial court erred in entering judgment for appellee and in not entering judgment for appellant. We find the trial court erred in denying appellant's Motion for Judgment Non Obstante Veredicto. Accordingly, we reverse the trial court's judgment and render judgment in favor of appellant.

Appellee entered into a lease agreement with appellant for medical office space for a period from July 1, 1978, through June 30, 1983, in which appellee, as lessee, was to pay appellant $793.26 per month as rent. Appellee began occupying the space on July 1, 1978, but abandoned the premises at the end of May in 1982. No further rent was paid. Appellant brought suit against

appellee for the past due rent and cost of renovation. Appellee proceeded to trial on his First Amended Original Answer in which he pled a general denial and the affirmative defenses of material breach, a void lease because appellee "did not receive a lease space as defined in the agreement," and breach of an implied warranty that the premises were suitable for use as a medical office. The answer also contained a standard general prayer for relief.

After both sides presented their respective cases before a jury, appellant presented its Motion for Instructed Verdict, which was denied. On April 12, 1985, in answers to special issues, the jury found that appellant materially breached the lease, that appellant warranted to appellee that the lease space was suitable for a medical office, that the lease space was not suitable for a medical office, that appellant incurred no damages by appellee's actions, that $21,080.00 was a reasonable fee for legal services rendered on behalf of appellant, and that appellee suffered damages in the amount of $8600.00 for lost time and $700.00 for relocation expenses as a result of the material breach. On May 15, before entry of judgment, the trial court heard and denied appellant's Motion for Judgment Non Obstante Veredicto, and heard and granted appellee's Motion for Trial Amendment alleging constructive eviction, an oral Motion for Damages and Motion for Entry of Judgment. The trial court's final judgment ordered that appellant take nothing and that appellee recover $9300.00 from appellant. It is from that judgment that this appeal arises.

Appellant contends in points of error two, three and seven that the trial court erred in denying its Motion for Judgment Non Obstante Veredicto and to Disregard Findings because the evidence established, as a matter of law, that appellant was entitled to recover for lost rent and cost of renovation under an independent covenant to pay rent, to which a finding of material breach by appellant as lessor was immaterial. Appellant further contends in points of error one, four and twenty-one that the trial court erred in failing to enter judgment for appellant and in entering judgment for appellee because defensive theories presented by appellee and a claim for affirmative relief were not supported by the pleadings or the evidence. We agree.

It has long been the law in Texas that the covenant of the landlord to maintain and repair the premises and the tenant's covenant to pay rent are regarded as independent covenants unless the contract between the parties evidences the contrary. Accordingly, a breach by the landlord of his covenant does not justify the refusal of the tenant to perform his covenant to pay rent. *See Edwards v. Ward Associates, Inc.*, 367 S.W.2d 390, 393 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.), *citing Mitchell v. Weiss*, 26 S.W.2d 699, 700 (Tex.Civ.App.—El Paso 1930, no writ). Appellee argues, however, that the theory of independent covenants is invalid when the contract has been materially breached by the landlord and the tenant is no longer in possession of the premises, quoting additional language from *Mitchell* that "Certainly [the tenant is not excused from paying rent] when the tenant remains in possession, occupancy, and use of the premises ..." *Id.* at 700–01. Appellee also distinguishes the present situation by further quoting from the opinion in *Mitchell* in which the court states that "[t]he present case is not one where the landlord has wholly breached his covenant to repair." *Id.* at 701.

This court is not convinced, as suggested by appellee, that the language in *Mitchell* means that the tenant is required to pay rent *only* if he remains in possession of the premises, nor are we convinced, despite the many inconveniences caused by the failure of appellant to correct problems in the office space, that a total breach occurred as contemplated in *Mitchell*. (The problems cited by appellee include air conditioning failures, leaking roofs, insects and rodents, lighting deficiencies, uneven flooring, cleaning, maintenance and trash problems, hot water deficiencies, electricity outages, and vandalism.) In addition, the Building Lease agreement contains a "Covenant to Pay Rent" that states:

Lessee shall pay rent, and any additional rent as hereinafter provided, to Lessor at Lessor's address or at such other place as Lessor may designate in writing without demand and without counterclaim, declaration or set off.

■ We hold that appellee's covenant to pay rent remained independent of appellant's covenant to repair the premises, and that, accordingly, any alleged breach by appellant was not a defense to appellant's claim for rent.

Nor do we find that appellee's remaining defenses precluded recovery by appellant for the damages claimed. The only defenses pled were material breach, which we have held to be no defense, and implied and express warranties that the space rented was suitable for use as medical office space.

■ We note briefly that the language contained in appellee's First Amended Original Answer that "the lease upon which this suit is based was null and void because [appellee] did not receive a lease space as defined in the agreement or contemplated between the parties or as represented by [appellant]" does not sufficiently raise the affirmative defense of breach of an express warranty. Nor has appellee cited authority that extends to commercial space the implied warranty of habitability created by the Texas Supreme Court in *Kamarath v. Bennett*, 568 S.W.2d 658 (Tex.1978). Therefore, the trial court erred in denying appellant's Motion to Disregard Findings on the jury's answers to Special Issues Nos. 3 and 4, which are the special issues addressing breach of warranty.

The only defense to appellant's claim that was possibly valid was one of constructive eviction, which the trial court found as a matter of law stating, "I'm allowing [the defense of constructive eviction] on the basis that there was sufficient evidence brought forward to prove a material breach in this case, and that it follows as the night to day, as Shakespeare said, that once you have a material breach a constructive eviction is the next step." The trial court then allowed appellee to present a trial amendment adding the con-

structive eviction defense approximately one month after the jury answered the special issues and before judgment was entered.

Appellee's trial pleadings do not support such a defense, nor does the evidence or the special issues submitted to the jury. Appellee contends that constructive eviction is a form of material breach; thus the submission of the issue on material breach as a broad issue with no special exceptions by appellant was proper. Appellee also asserts that the issue was tried by consent. We disagree.

■ The general requirements for constructive eviction are (1) an intention on the part of the landlord that the tenant shall no longer enjoy the premises, which intention may be inferred from the circumstances proven; (2) a material act by the landlord or those acting for him that substantially interferes with the use and enjoyment of the premises for the purposes for which they are let; (3) the act must permanently deprive the tenant of the use and enjoyment of the premises; and (4) the tenant must abandon the premises within a reasonable time after the commission of the act. *Charalambous v. Jean Lafitte Corp.*, 652 S.W.2d 521, 526 (Tex.App.—El Paso 1983, writ ref'd n.r.e.) (cites omitted). It is clear from the record that appellee did not, as he claims, establish constructive eviction as a matter of law. Appellee was not permanently deprived of the use of the premises, and did not abandon the premises until June of 1982 even though, according to his own testimony, he considered a breach of the lease agreement to have occurred by January of 1979.

■ Nor do we find, as appellee contends, that the issue was tried by consent or that appellant waived any objection that there were no pleadings to support the defense of constructive eviction and the award of affirmative relief. During the direct examination of appellee by his attorney, appellant objected to the admission of any testimony regarding damages to appellee as appellee had not pled for any affirmative relief, and to the lack of notice given

before or during trial that appellee would seek a defense of constructive eviction or damages. Appellant further pointed out to the trial court during this examination that at the end of each of four depositions taken of appellee he was asked if there were any facts relating to his side of the case that had not been discussed or made known to appellant. Appellee replied there were no facts other than those made known in his depositions, which made no mention that appellee would seek damages or attorney's fees. Appellant presented his Motion for Instructed Verdict on grounds that appellee had failed to assert a defense of constructive eviction. Appellant strenuously objected to the trial amendment granted by the trial court allowing appellee to add the defense of constructive eviction after the jury returned its verdict. We find no evidence in the record that this issue was tried by consent. An abundance of evidence was admitted about air conditioning failures, lighting problems and other complaints appellee made about the condition of the building; however, that evidence under the state of the pleadings could have been adduced under appellee's defensive theories of material breach and breach of warranty. We hold the trial court abused its discretion in allowing the trial amendment. *Horlock v. Horlock*, 614 S.W.2d 478, 484 (Tex. Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). We also find appellee's general prayer, asserting "all common law, statutory and contract defenses available to him, and would further stated [sic] that [appellant's] suit has been brought in bad faith and/or for the purposes of harassment and is therefore subject to such penalities [sic] and obligations as the law dictates," to be insufficient to raise the defense of constructive eviction. We hold the trial court erred in "boot-strapping" the defense of constructive eviction to the jury's finding of material breach. As there were no pleadings or special issues to support such a finding, this issue was waived. *Edwards v. Ward*, 367 S.W.2d at 393.

■ Even had appellee pled and proved a valid defense, the trial court erred in rendering judgment for appellee as there were no pleadings to support an award of af-

firmative relief. Appellee relies on his general prayer for relief in his First Amended Original Answer, which reads:

WHEREFORE, PREMISES CONSIDERED, [appellee] JOSEPH F. DAVIDOW, M.D., respectfully prays that he go hence without day, for general relief, and for such other and further relief, either at law or in equity, to which [appellee] might otherwise be justly entitled.

The trial amendment submitted to the trial court and granted contains similar language. We agree with appellant that this language is insufficient to support the award by the trial court of affirmative relief to appellee. The record shows that appellant was completely surprised by appellee's appeal to the trial court for entry of judgment awarding damages to appellee as no notice was given to appellant that appellee would seek damages until appellee's testimony at the end of the trial, to which appellant vigorously objected. Appellant was not given fair notice of a counterclaim for damages as required by Tex.R. Civ.P. 47.

It is undisputed that the lease agreement contained a covenant by appellee to pay rent in the amount of $793.26 per month from July 1, 1978, until June 1, 1983, and that appellee occupied the leased premises continuously from July 1, 1978, until the end of May 1982. The record further shows that appellee abandoned the premises without prior written notice as required by the lease agreement, and that appellee paid no rent from June 1, 1982, until June 1, 1983. Appellant also proved the cost of renovating the premises less rent received from reletting the premises during the remainder of the lease term. Thus appellant established a prima facie case for recovery of lost rents.

In its ninth point of error appellant contends the trial court erred in not granting appellant reasonable attorney's fees. We agree. The lease agreement so provided, the pleadings and evidence supported the award, and the jury so found in answer to Special Issue No. 6.

We sustain points of error one, two, three, four, seven, nine and twenty-one, and hold the trial court erred in denying appellant's Motion for Judgment Non Obstante Veredicto and to Disregard Findings and in granting appellee's Motion for Trial Amendment and Entry for Judgment, because the evidence established as a matter of law that appellant was entitled to recover damages and attorney's fees. We further hold appellee failed to plead and prove a valid defense or a basis for affirmative relief. In view of this holding, it is unnecessary to address appellant's remaining points of error.

We reverse the judgment of the trial court, and render judgment that appellant recover $7020.78 in lost rents and $21,080.00 in attorney's fees, and that appellee take nothing.

J. CURTISS BROWN, Chief Justice, dissenting.

I respectfully dissent. The trial court has broad discretion to allow trial amendments, and its decision will be overturned only upon a showing of abuse of discretion. *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 634 (Tex.1986). The rules of civil procedure allow pleadings to be amended as may be necessary to cause them to conform to the evidence when issues not raised by the pleadings are tried without objection. Tex.R.Civ.P. 67. Here the trial court did not abuse its discretion in granting appellee's trial amendment alleging the affirmative defenses of constructive eviction and breach of the implied warranty of habitability because evidence supporting these issues was introduced without objection.

As the majority points out, the elements constituting a constructive eviction are: (1) an intention on the part of the landlord that the tenant shall no longer enjoy the premises, which intention may be inferred from the circumstances proven; (2) a material act by the landlord or those acting for him or with his permission that substantially interferes with the use and enjoyment of the premises for the purposes for which they are let; (3) the act must permanently deprive the tenant of the use and enjoyment of the premises; and (4) the tenant must abandon the premises within a reasonable time after the commission of the act. *Richker v. Georgandis*, 323 S.W.2d 90, 95–96 (Tex.Civ.App.—Houston 1959, writ ref'd n.r.e.).

The jury found that appellant materially breached the lease such that the leased space was not suitable for a medical office as warranted to appellee. The effect of these findings is to establish a material act that substantially interfered with the use and enjoyment of the premises for the purpose for which they were let. *Richker v. Georgandis*, 323 S.W.2d at 96. While the verdict did not find all elements necessary to constitute a constructive eviction, there was no objection to the court's charge for failure to submit the remaining elements; thus under Tex.R.Civ.P. 279 the omitted issues are deemed found by the trial court so as to support the judgment if there is evidence in the record to support the presumed findings. A presumed finding of the intention on the part of appellant that appellee should no longer enjoy the premises finds support in the evidence, as do the presumed findings of permanently depriving appellee of the use and enjoyment of the premises, and abandonment. Despite provisions in the lease agreement obligating appellant to provide air conditioning, hot water, janitor, maintenance and security services, electricity, light fixtures and passable ingress and egress, the problems faced by appellee concerning these obligations were many throughout the lease period. The temperature inside the office was often eighty-five degrees or greater, causing appellee literally to sweat on his patients. One patient testified he had to remain outside to get cool air. The roof leaked whenever it rained, causing stained tiles and rotting, mildewed carpets with a stench of mildew centering in the waiting room. Patients had to be directed away from certain areas during rain so that they would not be dripped upon in the waiting room. Mice, roaches, crickets, spiders, flies and other pests infested the office. Hallways remained dark and dangerous because lights were unreplaced for months.

The hallways also accumulated puddles of water after rain, and uneven tiles caused people to trip. Cleaning and maintenance were not provided. The parking lot was constantly filled with trash and deep rain puddles. Hot water was not provided, and at one point appellee had no electricity for several days because appellant failed to pay the electric bill. Burglaries occurred, some perhaps caused by the security guards. Other vandalism occurred, including two occasions where everything in appellee's office was disturbed and damaged when vandals turned on the water in the sinks and allowed them to overflow. Despite frequent attempts by appellee to have these problems solved, the problems persisted. Appellee paid rent until he felt the problems would never be solved, then promptly abandoned the premises despite a shortage of medical office lease space in the area. The evidence supports presumed findings under Rule 279. *See Richker v. Georgandis,* 323 S.W.2d at 96.

In addition, the submission of material breach as a single broad issue encompassed the independent theory of constructive eviction as permitted by Tex.R.Civ.P. 277, which provides that "It shall be discretionary with the court whether to submit separate questions with respect to each element of a case or to submit issues broadly. It shall not be objectionable that a question is general or includes a combination of elements or issues." The Texas Supreme Court has clearly mandated that trial courts are permitted, and even urged, to submit the controlling issues of a case in broad terms so as to simplify the jury's chore. *Island Recreational Development Corp. v. Republic of Texas Savings Association,* 710 S.W.2d 551, 554 (Tex.1986).

Concerning the majority's application of the theory of independent covenants, I have grave misgivings as to the viability of the theory although a conclusion on this issue need not be reached here. Appellee in his trial amendment also alleged that appellant breached the implied warranty of habitability arising as a consequence of a landlord-tenant relationship. Our supreme court has recognized that in the rental of a dwelling unit there is an implied warranty by the landlord that the dwelling is habitable and fit for living. *Kamarath v. Bennett,* 568 S.W.2d 658, 661 (Tex.1978). While I am aware of no cases where Texas courts have specifically extended the application of the warranty to commercial property, I feel the *Kamarath* case itself indicates the supreme court's relaxation of laws favoring the landlord and its willingness to avoid the exact unjust results that the theory of independent covenants would allow in a case such as this where a material breach by the landlord renders the premises unusable for the intended purposes for which the premises were let. The evidence before the jury and the trial court and the findings by the jury show beyond a doubt that appellant leased the space to appellee for use as a medical office, that appellant knew of the intended use, and that appellee was unable to use the space for the intended purpose because of numerous acts and omissions by appellant constituting material breach.

I believe the evidence supports the jury's finding of material breach and the trial amendment alleging constructive eviction and breach of the implied warranty of habitability. The trial court did not abuse its discretion in granting the trial amendment, nor did it err in granting judgment for appellee. I would affirm the trial court's judgment.